IDA JACOBIA v. FRANCES TERRY, GUARDIAN.

*Guardian and ward—Accounting.*

In this case it is held:

    *a*—That the defendant is entitled to some compensation for the support and maintenance of her ward, the plaintiff, and that the amount allowed by the court below, namely, $3 per week, is reasonable.

    *b*—That the guardian is chargeable with interest on the money of her ward in her hands.

    *c*—That, there being a conflict in the evidence as to whether a certain sum paid to plaintiff's husband was paid at her request, the finding of the circuit judge upon that point is conclusive.

Error to Wayne. (Hosmer, J.) Submitted on briefs May 13, 1892. Decided June 10, 1892.

Proceedings to settle a guardian's account. Both parties bring error. Judgment below affirmed. The facts are stated in the opinion.

*W. L. Carpenter,* for plaintiff.

*J. W. Donovan,* for defendant.

GRANT, J. In 1872, Mrs. Terry was appointed guardian of her niece, Ida Jacobia. Shortly after her appointment she received $1,200, the property of her ward. Mrs. Terry took her niece into her family, and supported and cared for her until she was married, in 1880. She treated her as one of her own children, and no question is raised but that she properly performed her duty towards her ward. She filed no guardian's account until some time after her ward's marriage, but this delay she seems to have satisfactorily explained. Upon the hearing of her account in the probate court,

judgment was entered in favor of the ward for the whole amount the guardian had received, with interest. This was evidently based upon the testimony of statements claimed to have been made by the guardian, that she still held this money for her ward, and that she would receive it when she became of age. The guardian appealed to the circuit court, where the case was tried before the court without a jury, and judgment was entered for the ward for $393.97.

Both parties appeal. Counsel for the ward insists that the guardian was entitled to no credit for the board of her ward. Counsel for the guardian insists that the court erred in disallowing board for the year 1872; in allowing interest; in not allowing her to turn back a house and lot, in which she had invested some of her ward's money; and in not allowing credit for $375 paid by the guardian to the ward's husband.

We see no reason for disturbing the judgment of the court. The guardian was clearly entitled to some compensation for the support and maintenance of her ward, and the amount allowed was certainly reasonable.

The guardian was chargeable with interest on the money in her hands.

As to the money paid the husband, there was a conflict of evidence as to whether it was paid at the request of the wife. The finding of the judge upon this point, therefore, is conclusive.

The judgment is affirmed, without costs to either party.

The other Justices concurred.