### John Stout v. Kate A. Wood.

1. GUARDIAN—*Taking his Ward into his Family.*—When a guardian takes his infant ward into his own family and cares for it as one of his family, the law will presume that he intended to charge the estate with its support, and all reasonable expenses will be allowed.

2. SAME—*Settlement of Accounts—Equitable Rules.*—In the settlement of an estate and the accounting of guardians equitable rules are to be applied.

**Settlement of a Guardian's Account.**—Error to the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

CHAS. S. CULLEN and SNOW & HINEBAUGH, attorneys for plaintiff in error.

CLARENCE GRIGGS, attorney for defendant in error.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a settlement of a guardian's account in the County Court, of defendant in error, the ward of plaintiff in error. The plaintiff in error was appointed as such guardian in 1861, and never afterward made any attempt to settle until he was cited in June, 1893. He then filed a report in which he claimed that he had spent the money on his ward for her support and education, and had none on hand. The County Court found against him for the sum of $238.95. Both parties appealed from the County Court to the Circuit Court. Upon trial in the Circuit Court the court found that there came into the guardian's hands at the time of his appointment the sum of $448.75, and refused to allow to the ward any interest thereon from the time of the appointment of the guardian until the ward came of age in 1871, a period of ten years, allowing the said interest as compensation to the guardian as an offset against her board and education during her minority, and then gave interest on the principal sum for six per cent until interest was reduced by statute to five per cent, and then at five per cent per annum until the date of the decree without making any annual rests. The court also allowed plaintiff in error all other property belonging to the ward that came to her through her mother, consisting of furniture, money, etc., if there was any; but the court below failed to find there was any or but a very small amount. We feel satisfied from the evidence that the $448.75 was the only money or property that came into the hands of the guardian belonging to his ward, although there may have been some other things received, but of no great value, although the plaintiff in error stated in his affidavit that the estate of his ward at the time he applied for letters of guardianship, amounted to about $1,400. The plaintiff in error testified that Margarette J. Wood, mother of defendant in error, was his wife's sister, and died in Ottawa, at the home of the plaintiff in error, in 1861, and left the defendant in error, Kate Wood, her only surviving child; that at the mother's death she left no cash on hand; that no letters of administration were issued on

her estate, and that she had nothing of any account aside from her home, and that was not paid for. This home was sold, and it is the proceeds of it that netted the amount of $448.75. Plaintiff in error took his ward into his own family in September, 1861, and treated her as he did his own daughter, and she lived there until she was of age in 1871, and several years after, until she was married. While a minor she was not required to do much, if any, work; she was sent to the public schools and taught music, and it was said by some of the witnesses that they were a happy family and all very kind to Kate. She was not required to do kitchen work unless she took hold as a matter of choice, nor to do any work in the front part of the house. The evidence also shows that her care, nurture, board, clothing and medical attendance was worth from two and one-half to three dollars per week, or a hundred to one hundred and thirty dollars a year. The only offense the plaintiff in error has been guilty of was in not making annual guardian reports, which, as a matter of law, he should have done. But under the circumstances, considering the kind and conscientious manner in which he took care of his ward, this ought to be overlooked to some extent, and no very great punishment inflicted on him on that account. It appears to us that the necessary expenses of the ward paid by the plaintiff in error in her support, maintenance and education during her minority far exceed the amount of the original sum and interest before she became of age. It is insisted that plaintiff in error having taken defendant in error into his family, and supported and educated her as his own daughter, must have intended to adopt her as his own child, and therefore would be entitled to no compensation out of her estate for her support and education. We think on the contrary that such intention can not be determined from the evidence. It shows that the sum received was expended in her support until it was exhausted, and then plaintiff in error maintained his ward out of his own funds. This, equity requires, should be regarded as his true intention. It is not necessary to obtain an order of court for leave to expend money for the necessaries of the ward, but the

County Court should allow them when proven reasonable. Defendant in error could become "indebted to her guardian for necessaries as well as to a stranger." Bond v. Lockwood, 33 Ill. 212; Cheney v. Roodhouse, 32 Ill. App. 49. Same case reported in Supreme Court opinion in 25 N. E. Reporter, page 1019, and cases there cited; Rawson v. Corbett, 43 Ill. App. 127; same case, 150 Ill. 456. In the opinion of the Appellate Court in Rawson, *supra*, it is said: "In the settlements of an estate and the accounting of guardians the rule is also established that equitable rules will be applied." See, also, Jacoby v. Terry, 92 Mich. 275; Piatt v. Piatt, 46 N. J. Eq. 285. In the latter case the rule was established that where a guardian takes a child into his family and cares for the same as one of his own family, the law will presume that such guardian intended to charge the estate with its support, and all reasonable expenses will be allowed. The defendant in error was married to one Cracraft in June, 1879. This claim appears to be a very old and stale one, being about twenty-one years since the defendant in error became of age before the plaintiff in error was cited to make a guardian's report, and probably then a suit would not have been commenced, save for the interference of the defendant's husband. The claim is as inequitable as it is stale, and shows a great want of gratitude on the part of the defendant in error toward her guardian, whose disinterested kindness supplied her with a happy home during the years of her childhood, and whose expenditures far exceed the amount he received of her estate. For the reasons above given the decree of the court below is reversed and the cause remanded.

HARKER, J., dissents.