ALEXANDER *v.* HILLEBRAND.

1. GUARDIAN AND WARD—EQUITABLE GUARDIAN—TRUSTEE—SUP-
   PORT OF WARD.

   Where the eldest son in a family, and the only child of age,
   was, after their parents' death, appointed guardian of his
   brothers and sisters, but, on account of being unable to pro-
   cure a bond, never qualified, but took possession of their per-
   sons and estate, and reared them, he was their equitable
   guardian, and, as such, entitled to an allowance from the es-
   tate for their support.

2. SAME—PROPRIETY OF ALLOWANCE.

   Evidence and circumstances attending a settlement between a
   girl of 20 and her brother who was her equitable guardian ex-
   amined, and *held*, that the allowance for her support was not
   excessive.

3. SAME—SETTLEMENT—MINOR WARD—USE AS EVIDENCE.

   Though a settlement with a ward of the age of 20 years is not
   binding on her, it may be given weight as evidence, she being
   old enough to give evidence.

Appeal from Wayne; Rohnert, J.   Submitted May 2,
1905.   (Docket No. 131.)   Decided June 8, 1905.

Bill by Emma Alexander against Mary Hillebrand, ad-
ministratrix of the estate of Frank Hillebrand, deceased,
for an accounting.   From a decree dismissing the bill,
complainant appeals.   Affirmed.

*Lehmann & Riggs*, for complainant.

*Edward McNamara*, for defendant.

CARPENTER, J.   Johanna Bayer, formerly Johanna
Hillebrand, a resident of the city of Detroit, died intestate,
in May, 1875.   At that time she owned certain personal
property and certain real estate situated in said city of
Detroit.   This property, subject to the payment of debts,

descended to her children. There were six of these children. Defendant's intestate was the oldest of these children, and was at that time 24 years of age, and complainant was the youngest, 8 years of age. The ages of the other children ranged from 11 to 18 years. Letters of administration were granted to Joseph Bayer, Johanna's second husband—not the father of her children—but he, instead of administering the estate, turned the same over to the oldest son, Frank, defendant's intestate. Frank was also appointed guardian of his minor brothers and sisters, but he was unable to file a bond, and never qualified. He did, however, assume control of his mother's property, and, as the head of his mother's family, assumed to control and maintain his minor brothers and sisters, with the exception of his sister Elizabeth. Complainant became an inmate of his family, and was supported and sent to school by him from the time she was 8 until she was 14 years of age. In 1887, when complainant was about 20 years of age, she made a settlement with Frank, and quitclaimed to him her interest in her mother's estate in consideration of the sum of $125, which he paid to her at that time. In 1896, eight years after complainant had reached her majority, and after Frank had sold the real estate to a bona fide purchaser, complainant filed this bill against her brother Frank, who was then living, for the purpose of obtaining an accounting for her share of her mother's estate. The case was heard by Judge Steere, acting as one of the Wayne circuit judges, who, on the 8th day of April, 1897, rendered a decree adjudging "that said defendant held one-sixth of the estate of Johanna Bayer in trust for said complainant," and referred the cause to a circuit court commissioner "to take account of the doings of said defendant as trustee, and report the same to the court." For some reason immaterial to this case, this account was not taken until 1903. In the meantime the complainant had moved to the State of Wisconsin, and defendant Frank had died.

The testimony taken on said accounting convinced the trial judge who rendered the decree appealed from that Frank Hillebrand had, by caring for and maintaining complainant, already paid her all that was her due, and he accordingly entered a decree dismissing her bill of complaint. Complainant asks us to reverse that decree. She insists that the estate of Frank Hillebrand had no right to make any charge for the maintenance of his sister during the time that she was an inmate of his family. We are convinced by the testimony that Frank Hillebrand intended to make a charge for this support and maintenance, and the circumstances were such that this intention should have been inferred by any one familiar with the situation. When the settlement was made in 1887, complainant, then 20 years of age, undertook and agreed to compensate her brother for this care and maintenance. Under these circumstances, it would be inequitable to deny compensation. It is clear under our decisions, that Frank, had he qualified as guardian, would have been entitled to compensation. See *Chubb* v. *Bradley*, 58 Mich. 268; *In re Ward's Estate*, 73 Mich. 220; *Jacobia* v. *Terry*, 92 Mich. 275. Though, strictly speaking, Frank was not complainant's legal guardian, he was most clearly her natural guardian. It may also be said that, as Frank was the only one of the children of full age, it was proper for him to assume control of the property jointly owned by them. In everything except in the failure to observe a legal formality, Frank was complainant's guardian. According to the principles of equity invoked by complainant, he should be regarded as her guardian, and is therefore entitled to a reasonable allowance for her support and maintenance. See *Hovell* v. *Noll*, 31 N. Y. Supp. 440.

Complainant also insists that the decree appealed from is erroneous, in that it allows the estate of Frank Hillebrand an excessive amount for the care, maintenance, and support of his sister. It is difficult, on this record, to say precisely what amount Frank did expend for his sister. I think, however, that the settlement made between them

in 1887 affords satisfactory evidence of the state of the account at that time. It is true that, as complainant was then a minor, she was not bound by said settlement; but she was old enough to give evidence, and therefore the settlement she made may be given weight as evidence. The weight of that settlement as evidence of the state of account is materially increased by the circumstance that Frank made a similar settlement with his other brothers and sisters, some of whom were of full age. In each of those settlements what he had furnished in the way of care and maintenance was taken into consideration. No one of the other children received more than $100. On this record, we cannot say that Frank spent less in caring for complainant than for any other of his brothers and sisters. I am satisfied that, under these circumstances, we may assume that, on a fair settlement at that time, Frank owed complainant only the amount paid her. The only ground, then, upon which complainant is entitled to a decree, is that she is entitled to be paid a second time this balance due her. Complainant does not ask that. On the contrary, her counsel concede in their brief in this court that defendant's intestate should have credit for that payment.

I conclude, therefore, that the decree appealed from should be affirmed, with costs.

MOORE, C. J., and MCALVAY, BLAIR, and HOOKER, JJ., concurred.