**IN RE: THE ESTATE OF PEARLE PENN CAMERON, AN INCOMPETENT.**

November 1, 1946                                    June Term, 1946
Rehearing denied November 22, 1946                 Division A

*Henderson, Franklin, Starnes & Holt,* for appellant.

*Sheppard & Woolslair,* for appellees.

TERRELL, J.:

Prior to October 25, 1944, Pearle Penn Cameron and her husband, Alexander Cameron, Jr., were citizens of Florida, residing at Naples, in Collier County. On the date last named Pearle Penn Cameron was adjudicated an incompetent by the Chancery Court of Richmond, Virginia. She was a patient at Westbrook Sanitarium, in Richmond, at the time and owned property in that city. Alexander Cameron, Jr., died about one week before his wife was adjudged an incompetent, his wife was his sole heir, and The First and Merchants National Bank of Richmond was appointed her guardian.

The deceased husband's estate is being probated in Collier County, Florida. The Richmond bank, as guardian, entered into contract for sale of the home at Naples and filed petition in the probate court of Collier County to appoint a guardian with authority to make the sale. The main reason set out in the petition for sale was that the incompetent will be unable to use it further. The prospective purchaser filed objections to the petition on the theory that all claims to the home should be foreclosed and that they might be assured of a good and valid title in the property. On final hearing the probate judge denied the petition and refused to appoint a Florida guardian or to authorize the sale. The order of the probate judge was an appeal affirmed by the circuit court. This appeal was prosecuted.

The question presented is whether or not after having been adjudicated an incompetent under the law of Virginia it is necessary for Pearle Penn Cameron to be so adjudged under the law of Florida in order that her guardian in Virginia, or one appointed in Florida may sell her real estate located in this State.

The controlling statutes are Section 744.31, Florida Statutes of 1941, as amended by Chapter 22750, Acts of 1945, and Section 394.20, Florida Statutes of 1941, the pertinent part of the latter statute being as follows:

"Whenever any person *within this* state is believed to be incompetent . . . application by written petition may be made to the County Judge of the County wherein the alleged incompetent *resides or may be found."*

Insofar as Section 744.31, as amended, applies to this case, it provides that "no guardian of the person or of the property of a person alleged . . . to be incompetent can be appointed until after such person has been adjudicated . . . incompetent in separate proceedings . . . in accordance with Section 394.20 of the Florida Statutes." Sections 394.21-22, same Act, provide for the appointment of a committee to examine the incompetent and for the judgment of commitment and restoration to competency, if that should take place.

Since Mrs. Cameron is not an incompetent "within the State," as contemplated by Section 394.20, it would hardly be reasonable to require that she be returned to Florida or that an examining committee from this State be sent to Virginia for the purpose of a second examination and adjudication of incompetence. The incompetent was within the jurisdiction of the Chancery Court of Virginia at the time she was adjudged incompetent on the application of her brother; she owned property in Virginia; a duly authenticated copy of the Virginia proceedings were exhibited here and made a part of the petition for sale and are shown to be in all respects regular. This being the case, full faith and credit should be given to the Virginia adjudication as required by Section 1, Article IV of the Federal Constitution and, being so, an adjudication of incompetency in this State was unnecessary.

Mrs. Cameron was a resident and citizen of the State of Florida but happened to be domiciled in the State of Virginia at the time she was adjudged an incompetent. The terms "residence" and "domicile" with respect to the court's jurisdiction, have been held to be synonymous . . . guardianship of the property may be authorized where residence of the incompetent and the estate are within the territorial juris-

diction of the court, although the person is actually absent from the State or confined in an institution in another State . . . 44 Corpus Juris Secundum, page 60, Sections 10 and 25; American Jurisprudence, Page 22, Section 25.

Chapter 22750, Acts of 1945, the new guardianship act, does not contain a provision to take care of a case like this without the interpretation here given, while the old act, Sections 744.29-31, made provision for what the guardian is attempting in this case. Other provisions of the Amendment Act, Sections 744.15-16-17-18-19 and 29-31, authorize a foreign guardian to file exemplified copies of the order appointing it and, when done, it may then sell lands of its ward in this State, maintain suits, manage its property, and transact other business for the ward. In view of these circumstances we think the act warrants this interpretation.

It is, therefore, our view that full faith and credit should be given the proceedings and judgment of the Chancery Court of Virginia, adjudicating Mrs. Cameron to be an incompetent; that she does not have to be again adjudged an incompetent in this State; that unless some good reason therefor is revealed The First and Merchants National Bank of Richmond, her Virginia guardian, may be appointed her guardian in this State, for the purpose of selling the lands in question, but if for any reason known to the probate judge of Collier County the said bank should not be appointed, then and in that event some resident of the State of Florida may be appointed her guardian for that purpose.

From this it follows that the judgment appealed from must be and is hereby reversed.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.