KELLEY v. DAVIS.

4-9127                                          227 S. W. 2d 637

Opinion delivered March 13, 1950.

*J. E. Lightle, Jr.,* for appellant.

*C. E. Yingling* and *C. E. Yingling, Jr.,* for appellee.

DUNAWAY, J. This appeal presents but one question: Was the Chancery Court in error in holding that Erman Kelley, appellant's ward, was competent at the time he executed a note and deed of trust to appellee, H. J. Davis, on January 2, 1948?

Early in 1947 Erman Kelley, accompanied by a brother, Vernon, went to see Davis, a merchant and farm implement dealer, about negotiating a loan. Vernon, who had previously had business dealings with Davis, requested that he make the loan and discussed with him the value of the farm lands to be mortgaged as security for the proposed loan. A loan of $2,200 was thereafter made, and on February 21, 1947, Erman Kelley executed a note

for that amount, secured by a mortgage on 320 acres of land in White County. Kelley paid the interest when the note became due, but requested a renewal of the loan and additional credit in the amount of $500 to cover advances to be made during the crop year of 1948. On January 2, 1948, a new note for $2,700 was executed, secured by a deed of trust on the above-described land. As further security for the payment of this indebtedness on April 2, 1948, Erman Kelley executed a chattel mortgage on his crop in favor of Davis.

Upon default in payment this foreclosure suit was filed January 21, 1949. On March 14, 1949, a default decree was taken against Erman Kelley; on April 11, 1949, appellant, as guardian of Erman Kelley, filed an intervention alleging that there had been no service of summons on his brother and that he was incompetent at the time the note and deed of trust were executed. The court set aside the default decree for lack of proper service, but at the conclusion of the trial of the cause found that Erman Kelley was competent, dismissed the intervention and confirmed the decree of foreclosure of March 11, 1948. The guardian has appealed.

It was shown that Erman Kelley had been a patient at the Veterans Administration Hospital, North Little Rock, Arkansas, from July 7, 1946, until November 1, 1946, with a diagnosis of dementia praecox, mixed type. After he was discharged against medical advice upon request of his family, he was never again hospitalized, nor was a guardian appointed for him until after the rendition of the foreclosure decree of March 11, 1948. He was drawing one hundred per cent disability compensation from the Veterans Administration, and was engaged in various farming operations in 1947 and 1948. This much is undisputed. The balance of the testimony is in sharp conflict.

Appellant's further proof may be briefly summarized: A psychiatrist for the Veterans Administration testified that on the basis of three examinations made by him over a period of a year and one-half, it was his opin-

ion that Erman Kelley had been incompetent at the time of his release from the hospital and at all times since. Several members of Erman Kelley's family testified that he was not competent, giving numerous details which it is unnecessary to set out here. Two neighbors testified that they had noticed a change in Erman after the war and that they thought something was wrong with him.

Appellees' proof of Erman's competency was based upon the testimony of numerous lay witnesses who had had business contacts with him during 1947 and 1948. Appellee Davis testified as to the transaction in which the notes and mortgages were executed. The Notary Public who took the acknowledgment of both mortgages testified that he discussed their terms and general conditions with Erman and that he noticed nothing to indicate mental unbalance. A merchant, music teacher, farmer, banker and lawyer all testified that in their business dealings with him they saw nothing to indicate that Erman was incompetent. According to the testimony of these witnesses Erman Kelley had bought farm equipment, rented land, testified in court in two lawsuits, discussed with the banker a new loan, and done many other things which we need not detail, all tending to show that he was competent to conduct his business affairs. With part of the proceeds of the Davis loan he had paid off a pre-existing mortgage on his lands.

The legal test of competency for the purpose here under consideration was fully discussed in *Schuman* v. *Westbrook,* 207 Ark. 495, 181 S. W. 2d 470, where we said at page 499 (quoting from *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S. W. 973) : "But the question in all such cases where incapacity arising from defect of the mind is alleged is, not whether the mind is itself diseased or the person is afflicted with any particular form of insanity, but rather whether the powers of the mind have become so affected, by whatever cause, as to render him incapable of transacting business like the one in question. As a general rule, it may be stated that, in order to have that measure of capacity required by law to be of sound mind, a person must have capacity enough to compre-

hend and understand the nature and effect of the business he is doing; . . .''

A question of fact is thus presented. We cannot say that the Chancellor's determination that Erman Kelley was competent when the instruments in question were executed was against the preponderance of the testimony.

The decree is affirmed.