POWERS v. CHISMAN.

4-9243                                        231 S. W. 2d 598

Opinion delivered June 26, 1950.

*W. J. Cotton* and *F. O. Butt,* for appellant.

*Henley & Henley,* for appellee.

DUNAWAY, J.   Correctness of the judgment of the Boone Probate Court in denying appointment of a guardian of the person and estate of Elfie Leam Chisman as an incompetent person is the main issue on this appeal. The court's order as to costs and certain fees is also questioned on appeal and cross-appeal.

Appellee, Elfie Leam Chisman, is an elderly widow who returned to live in Harrison, Arkansas, with her sister, Allie M. Powers, from her home in Denver, Colorado, following the death of appellee's husband in December, 1949.  Before leaving Denver, appellee sold her home, and later deposited part of the proceeds of the sale in the Commercial Bank in Harrison and invested

the balance in U. S. government bonds. The bonds were payable to appellee and her sister, and the bank account was in their joint names. Appellee lived with Mrs. Powers during the month of March, 1949, until she went to Windsor, Missouri, to visit a Mrs. Means, an aunt by marriage. Upon her return to Harrison she stayed with Mrs. Powers for several days, and then boarded with a Mrs. Cochran until she was injured in a fall about eight weeks later. She then remained in the Harrison Clinic for fifteen days, when she again went to the home of Mrs. Powers where she stayed until July 17, 1949. Mrs. Powers suffered a heart attack on July 14, 1949; following this Dr. Powers, husband of Allie M. Powers, took appellee to Windsor, Missouri.

In March, 1949, Mrs. Powers had taken appellee to the office of R. E. Rush, an attorney in Harrison, where she executed a will naming Mrs. Powers as the principal beneficiary.

On August 10, 1949, James B. Wilson, an attorney of Windsor, Missouri, came to Harrison with a power of attorney from appellee, and sought to gain possession of all appellee's property to remove it to Missouri. Thereupon, Mrs. Powers filed petition in the probate court seeking appointment of a guardian of the person and estate of appellee, alleging her incompetency ''by reason of ill health and feeble mind''. Value of appellee's estate was listed as approximately $13,000 in cash and bonds.

On August 11, 1949, the referee in probate made an order appointing T. N. Flinn guardian of the person and estate of Elfie Leam Chisman. Proper bond was filed, letters of guardianship were issued, and Flinn took charge of the estate of Mrs. Chisman.

Appellee then on September 20, 1949, filed a motion to quash the order appointing a guardian on the ground that no service of process on her was had as required by Ark. Stats. (1949 Suppl.) § 57-611. On September 23, 1949, the probate court found that the notice required by law had not been given and sustained the motion as to appointment of a guardian of the person of Elfie Leam

Chisman, but continued the matter as to the guardianship of her estate within the court's jurisdiction until a hearing on the merits. Exceptions to this action were duly saved by appellee, but in view of the court's final action in the matter we do not pass upon this phase of the proceedings.

At the hearing on the merits, both Mrs. Powers, the petitioner, and Mrs. Chisman, the alleged incompetent, testified. Each side presented lay witnesses whose testimony was in direct conflict as to appellee's competency. The medical testimony likewise was conflicting, with two doctors testifying for each side. In view of this conflict, the court appointed a disinterested physician to make an examination and report his findings as authorized by Ark. Stats. (1949 Suppl.) § 57-615. This doctor testified that in his opinion appellee is competent.

The definition of an incompetent as set out in the Probate Code of 1949 (Ark. Stats. (1949 Suppl.) § 57-601) does not change the test of competency approved by this court in many decisions. As we said in the recent case of *Kelley* v. *Davis*, 216 Ark. 828, 227 S. W. 2d 638: "The legal test of competency for the purpose here under consideration was fully discussed in *Schuman* v. *Westbrook*, 207 Ark. 495 at page 499, 181 S. W. 2d 470, 472, where we said, quoting from *Pulaski County* v. *Hill*, 97 Ark. 450, 134 S. W. 973: 'But the question in all such cases, where incapacity arising from defect of the mind is alleged, is, not whether the mind itself is diseased or the person is afflicted with any particular form of insanity, but, rather, whether the powers of the mind have become so affected, by whatever cause, as to render him incapable of transacting business like the one in question. As a general rule, it may be stated that in order to have that measure of capacity required by law to be of sound mind, a person must have capacity enough to comprehend and understand the nature and effect of the business he is doing . . .' ".

The probate judge held the evidence insufficient to establish the incompetency of appellee. Although there is testimony which would have supported a contrary

holding, we cannot say the trial court's finding is against the preponderance of the testimony; so under our established practice we will not substitute our judgment for that of the court below. *Boyland* v. *Boyland,* 211 Ark. 925, 203 S. W. 2d 192.

Appellants earnestly insist that the trial court erred in not allowing Flinn any fee for services as guardian during the time he held possession of appellee's estate under the original appointment by the referee. Likewise it is urged that the attorney for the guardian is entitled to compensation for his services to be paid by appellee. The court held that since the original order was without notice to appellee as required by law and hence invalid; and the guardianship dismissed on a hearing on the merits, that the court was without power to order these payments made from appellee's estate.

Appellants argue that the guardianship of the estate should be treated as a temporary guardianship as authorized by Ark. Stats. (1949 Suppl.) § 57-620. That section reads as follows: "If the court finds that the welfare of an incompetent requires the immediate appointment of a guardian of his person or of his estate or of both, it may, with or without notice, appoint a temporary guardian for the incompetent for a specified period not to exceed ninety days, and remove or discharge him or terminate the trust. The appointment may be to perform duties respecting specific property or to perform particular acts, as stated in the order of appointment. The temporary guardian shall make such reports as the court shall direct, and shall account to the court upon termination of his authority. In other respects the provisions of this Code concerning guardians shall apply to temporary guardians and an appeal may be taken from the order of appointment of a temporary guardian. The letters issued to a temporary guardian shall state the date of expiration of the authority of the temporary guardian."

It will be noted that this provision authorizes appointment of a guardian without notice where the court finds that it is immediately necessary for the welfare of

the incompetent. The statute limits the time for which such appointments may be made and directs that such time be specified in the order of appointment. In the case at bar, the original order was made simply on the basis of the verified petition of Allie M. Powers. The proceeding was not instituted as one for the appointment of a temporary guardian, and the order made was not in conformity with the statutory requirements.

The provision of the Probate Code of 1949 authorizing the appointment of a temporary guardian without notice should certainly not be given so liberal a construction that an invalid guardianship order can be made the basis of charging the estate of one subsequently held to be competent, for services rendered at the instance of the adverse petitioner. The court correctly denied the allowance of guardian's and attorney's fees against appellee. Both Flinn and the attorney undoubtedly performed valuable services in good faith and should be recompensed by Mrs. Powers.

The final question, raised on cross-appeal, concerns the court's allowance of a fee to the examining physician appointed by the court. This fee was ordered paid from appellee's estate. The section of the statute which authorizes such appointment contains this language: "The court shall fix the fees to be paid such examiners, which shall be charged as part of the costs of the proceeding. The costs of the proceeding shall be paid by the petitioner, who shall be reimbursed therefor out of the estate of the incompetent, if a guardian be appointed."( Ark. Stats. (1949 Suppl.) § 57-615).

The statute plainly provides that the petitioner shall pay the costs of the proceedings, including the fee of the examining physician appointed by the court, subject to reimbursement if a guardian is appointed. Here no guardian was appointed. It follows that the petitioner is not entitled to reimbursement from the estate of appellee and that the probate court improperly ordered appellee to pay this item.

The judgment is accordingly affirmed on appeal and reversed on cross-appeal.