33 N.J. Super. 90 (1954)
109 A.2d 423
IN THE MATTER OF MARGARET H. LAMBERT, AN ALLEGED MENTAL INCOMPETENT.
Superior Court of New Jersey, Chancery Division.
Decided November 9, 1954.
*91 Mr. Frank P. Marano, attorney for plaintiff.
Messrs. Herr & Hartman, attorneys for Margaret H. Lambert (Mr. Morris N. Hartman appearing; Mr. Robert A. Vanderbilt, of counsel).
SULLIVAN, J.S.C.
On August 4, 1954 Margaret H. Lambert was adjudicated to be of unsound mind and was committed to the Essex County Overbrook Hospital by order of the Essex County Court. Thereafter her husband commenced a proceeding under N.J.S. 3A:6-36 to have her determined to be mentally incompetent because of unsoundness of mind and to have a guardian appointed for her. As to these latter proceedings Mrs. Lambert retained counsel and contested her husband's application. After a three-day trial the jury returned a unanimous verdict of competency.
There is no inconsistency between the County Court's determination and the jury verdict herein. A person may be of unsound mind and still competent to manage her own affairs. As Vice-Chancellor Bigelow said in Leick v. Pozniak, 135 N.J. Eq. 67, at page 69 (Ch. 1944):
"* * * An insane person, committed to a hospital, is presumably incompetent. But the presumption is by no means conclusive. The subject of inquiry by the Juvenile Court was whether the patient should be confined in the hospital; not whether she was incompetent to manage her affairs. An inquest of the latter sort, resulting in a divestment of all power and control by the lunatic over his affairs and estate, may be made only by a jury upon a commission from the Court of Chancery."
As a result of the verdict, the attorney for Mrs. Lambert has applied for the allowance by this court of a counsel fee to be assessed against Mr. Lambert, the unsuccessful plaintiff, or against the estate of his client, Mrs. Lambert, or to be paid by both in such proportion as the court shall direct. In opposition to the motion, the husband's attorney *92 takes the position that no counsel fees can be awarded out of Mrs. Lambert's estate since the subject of the inquiry has been declared to be competent and capable of managing her own affairs and that under no circumstances could a counsel fee be assessed against the husband in whole or in part.
The matter of counsel fees in this court is regulated by R.R. 4:55-7. This rule, in paragraph (b), permits the allowance of fees for legal services where there is a fund in court. Certainly Mrs. Lambert's estate is not a fund in court, she having been declared competent and there being no custodial receiver appointed pending the competency proceeding. In re Farrell, 51 N.J. Eq. 353 (Ch. 1893); In re Simpkins, 8 N.J. Misc. 109 (Ch. 1930). Nor can the unsuccessful plaintiff's property be subjected to any allowance on the theory of a fund in court.
As far as paragraph (d) of said rule is concerned, there is a provision in R.R. 4:102-4 permitting the fixing of the compensation of a court-appointed attorney for the alleged incompetent, which compensation may be charged upon such of the parties or out of the estate of the incompetent as the court may direct. Since Mrs. Lambert's attorney was retained by her directly, the provision of that rule has no application.
The services rendered by Mrs. Lambert's counsel were competent and needless to say, highly successful. He most certainly should be compensated for the time, effort and skill utilized in his client's behalf. In this proceeding, however, for the reasons heretofore stated, this court can make no allowance to him under R.R. 4:55-7. Since the representation of his client was purely defensive in nature, the provisions of N.J.S. 2A:13-5 dealing with the imposition of a lien for an attorney's services, do not apply.
Now that Mrs. Lambert has been legally adjudicated competent to manage her own affairs, her counsel must take up with her directly the amount of and payment of his fee. Of course, he always has the right, if necessary, of a plenary suit to secure compensation from his client.