97 So.2d 478 (1957)
Virginia Willys LUCOM (Formerly Virginia Willys de Landa), Appellant,
v.
ATLANTIC NATIONAL BANK OF WEST PALM BEACH, Potter, Langbein & Burdick, J.W. Salisbury, Appellees.
Supreme Court of Florida.
July 10, 1957.
Rehearing Denied September 18, 1957.
*479 Clyde Trammell, Jr., West Palm Beach, and Charles M. Trammell, Washington, D.C., for appellant.
J.W. Salisbury, Palm Beach, for appellees.
ROBERTS, Justice.
This appeal brings here for review an order of the Circuit Court of Palm Beach County affirming an order of the County Judge approving a final accounting of the appellee, Atlantic National Bank of West Palm Beach, as guardian of the property of the appellant during her alleged incompetency, and awarding fees and costs to the guardian and its attorneys. The appellant's principal contentions here are (1) that neither the guardian nor its attorneys are entitled to compensation because the entire guardianship proceedings were null and void; and (2) that, even if compensation is allowable, the County Judge erroneously applied a straight percentage of the gross value of the estate in fixing the amount of compensation payable to the guardian and its attorneys without considering the actual value of the services rendered.
*480 The background against which these questions must be decided is as follows: Appellant was first adjudicated incompetent by the County Judge of Palm Beach County, Florida, in December 1952 during her confinement in the Pennsylvania Hospital in Philadelphia, Pa., for treatment of a mental illness. She was released from the hospital in April 1953 and was judicially restored to competency by order of the Circuit Court of Palm Beach County in May 1953. The appellee bank was appointed and acted as co-guardian of appellant's property during this period of incompetency. In July of 1953 her illness recurred and she voluntarily returned to the same hospital for further treatment. In what was apparently an attempt to follow the procedure approved in In re Cameron's Estate, 158 Fla. 91, 28 So.2d 110, for obtaining the appointment of a guardian of the property in this state of a Florida resident who is adjudged incompetent by the court of another state while temporarily residing there, a habeas corpus proceeding was initiated in a Pennsylvania court by appellant's son and daughter, allegedly on behalf of appellant, under the provisions of the Pennsylvania Mental Health Act of 1951, Sec. 1071 et seq., 50 Purdon's Pa.Law. This proceeding culminated in an order of the Pennsylvania court, dated Sept. 15, 1953, finding that appellant was "mentally ill" within the meaning of that Act defining "mental illness" as "an illness which so lessens the capacity of a person to use his customary self-control, judgment and discretion in the conduct of his affairs and social relations as to make it necessary or advisable for him to be under care", and declining to release appellant from the Pennsylvania Hospital. Upon the basis of this order and the transcript of the habeas corpus proceedings in which it was entered, the County Judge of Palm Beach County, by order dated October 7, 1953, re-appointed the appellee bank as guardian of the property of the appellant, the petition for such appointment having been filed by the appellant's son and daughter, both sui juris. The appellant was released from the Pennsylvania Hospital in December 1953 and returned to her home in Palm Beach, Florida. Sometime after May 1954 she established residence in the state of New York and, in October 1954, was adjudicated to be competent to manage her property by a court of that jurisdiction. The questions presented here and in the court below arose upon objections filed by the appellant to the bank's final accounting of its administration of her estate and application for compensation for itself and its attorneys.
There is some merit to the appellant's contention that an order adjudicating that a person is so mentally ill as to require further treatment in a hospital is not an adjudication of "incompetency" insofar as the ability to manage property is concerned. Cf. In re Weightman's Estate, 1937, 126 Pa.Super. 221, 190 A. 552; In re Refior, 1947, 160 Pa.Super. 305, 50 A.2d 523, 527; In re Lambert, 1954, 33 N.J. Super. 90, 109 A.2d 423; Fleming v. Bithell, 1935, 56 Idaho 261, 52 P.2d 1099; People v. McConnell, 1927, 80 Cal. App. 789, 252 P. 1068; Manello v. Bornstine, 1954, 44 Wash.2d 769, 270 P.2d 1059. But this question need not be decided, since we are here dealing with a fait accompli  the appellee bank was re-appointed by the County Judge, accepted the guardianship in good faith, and has executed the trust to the best of its ability. Even if not a guardian de jure, the bank was a guardian de facto of the appellant's property and, as such, is entitled to an equitable credit for expenditures which were made in good faith for the ward, Alexander v. Hillebrand, 1905, 140 Mich. 490, 103 N.W. 849; Smith v. Cameron, 1909, 158 Mich. 174, 122 N.W. 564; Pemberton v. Leatherwood, Tex.Civ. App. 1949, 218 S.W.2d 500; Maryland Casualty Co. v. Lawing, 1945, 225 N.C. 103, 33 S.E.2d 609; In re Beisel's Estate, 1895, 110 Cal. 267, 40 P. 961; and, in the proper circumstances, a guardian de facto is entitled to reasonable compensation for its services in behalf of the ward. See Kelly v. Kelly, 1931, 89 Mont. 229, 297 P. 470; Jessup v. Jessup, 1897, 17 Ind. App. 177, 46 *481 N.E. 550; Harwood v. Boardman, 1866, 38 Vt. 554. But see Powers v. Chisman, 1950, 217 Ark. 508, 231 S.W.2d 598.
In all the circumstances here, we think the appellee bank is entitled to compensation for its services rendered in good faith to the appellant and that the lower courts did not err in so holding. The same thing is true of the services of counsel employed by the appellee bank.
But the compensation allowable to the bank, as guardian, must be "just and reasonable", Sec. 745.32, Fla. Stat. 1955, F.S.A.; and those allowable to the attorneys must have been rendered "to the ward or to the guardian in the ward's behalf", Sec. 745.33, Fla. Stat. 1955, F.S.A. In the absence of statutory authorization therefor, the court cannot arbitrarily fix a fee schedule and, without evidence of reasonable value of the services rendered, determine what is "just and reasonable" compensation. See In re Messer's Guardianship, 1943, 242 Wis. 66, 7 N.W.2d 584.
Insofar as the compensation awarded the appellee bank is concerned, it appears that the court's determination may have been based, in part, upon a consideration of comparable fees allowed by statute to executors and administrators for the administration of decedent's estates, Sec. 734.01, Fla. Stat. 1955, F.S.A. But there was other evidence as to the services rendered by the appellee bank, and the reasonable value thereof, sufficient to support the award of compensation. Accordingly, the appellant's contention that the compensation awarded to the appellee bank was a "gross abuse of discretion" cannot be sustained.
As to the amount of the fee awarded to the appellees Potter, Langbein and Burdick, as counsel for the bank, an entirely different situation is presented. The record shows that in all litigation instituted or defended by the appellee bank in behalf of the ward the bank was represented by other counsel; and in most of the litigation these appellees acted as counsel for the appellant's son or daughter, or both, in opposition to the appellee bank or to the appellant. All of the testimony adduced by appellees on the matter of their fees was based on a percentage of the value of the incompetent's estate, although there was testimony of the value of "extraordinary" services performed by counsel, such as representing the appellant's son in obtaining his appointment as guardian of an infant daughter of appellant, and rendering "supervisory" services over litigation actually conducted by other out-of-state or local counsel employed by the appellee bank for that purpose. The order allowing compensation to these attorneys did not set forth the particular services for which compensation was granted, so we are unable to tell what claims were granted and which were disallowed. In all the circumstances here, we think the ends of justice require that the compensation order be reversed as to the appellees Potter, Langbein and Burdick, and the cause remanded for further consideration of this question, remembering that a court "is without power to measure an attorney's fee except on the basis of quantum meruit or a quid pro quo," Brickell v. Di Pietro, 1943, 152 Fla. 429, 12 So.2d 782, 783, and that under the statute the only services compensable are those rendered either to the ward or to the guardian in the ward's behalf.
The appellant also questions here certain items of costs claimed by the appellee bank and the appellees Potter, Langbein and Burdick. Three of the items relate to the activity of the appellee counsel in attending the New York proceedings by which appellant sought and obtained an adjudication of her competency, in which the appellee counsel represented the appellant's son and daughter (not the appellee bank, which employed other counsel) and unsuccessfully opposed the appellant's petition. Clearly, these are not proper items of expense incurred on behalf of the appellant. Two of the items are attorney's fees for out-of-state counsel employed by the bank  one for the New York counsel who was *482 employed by the appellee bank to "stand by" and observe the New York proceedings referred to above, the bank taking a position of strict neutrality in the proceedings; and the other for Philadelphia counsel who successfully opposed the appellant's suit for a declaratory decree as to the effect of the September 1953 order entered in the habeas corpus proceedings which formed the basis for the appointment of the bank as guardian of appellant's property. Both of these expense items appear to have been incurred solely for the benefit and protection of the guardian itself, and not for the appellant's benefit or protection. They were not, therefore, items of expense properly chargeable against appellant. The remaining item is a charge of $50 incurred by appellee counsel as a fee to an attorney employed by them to investigate Wilson C. Lucom, whom the appellant married in May of 1954, some five months after her release from the hospital. Appellee counsel contend that this is a proper charge against appellant because it was to the interest of appellant's minor child (who was under the guardianship of appellant's son) to have information concerning her mother's new husband and it was thus a proper charge against appellant "for the care, support, education and maintenance of the dependents, if any, of such ward," as authorized by Sec. 744.64, Fla. Stat. 1955, F.S.A. This contention is obviously without merit, and no other basis for this charge has been suggested nor can be conceived.
The other questions presented here by the appellant have been considered and no reversible error has been found.
Affirmed in part and reversed in part and the cause remanded for further proceedings not inconsistent herewith.
TERRELL, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.