### In re BENTLEY'S ESTATE.
### No. 15498.

County Judge's Court, Palm Beach County.

September 4, 1959.

George H. Henry, Miami, in his own behalf.

Fulton, Sullivan & Burns, West Palm Beach, for administrator c.t.a. d.b.n.

RICHARD P. ROBBINS, County Judge.

This cause came on before me, September 2nd, 1959, upon the petition of George H. Henry, attorney for the former executor, Joseph A. Rafferty, Sr., for the allowance of a reasonable fee for the services he has rendered the executor in his administration of the estate of the deceased.

Mr. Rafferty resigned as such executor when the administration of the estate was approximately half completed and Mr. Henry's services were terminated by the administrator c.t.a. d.b.n.

The administrator has filed an answer to the petition in which he alleges that it will be necessary to check all of the work done by the attorney and therefore the estate will receive no benefit therefrom.

It appears that Mr. Rafferty was not related to the decedent nor was he a resident of the state of Florida at the time of filing his petition for letters testamentary although he alleged Florida residence in the petition. These facts resulted in his resignation.

It has been suggested that the executor's appointment was obtained in bad faith, but since the interested parties have not heretofore objected I believe and so hold that the attorney is entitled to be compensated for the services he has rendered that have benefited the estate.

The court has attempted to measure the attorney's fee on the basis of quantum meruit or a quid pro quo as required by the rule in Lucom v. Atlantic National Bank (Fla.), 97 So. 2d 478, but the testimony as to the value of the various items of service rendered is irreconcilable; for example, the petitioner, after itemizing his work, testified that it was necessary for him to spend 243 hours in furnishing the legal services so performed while another witness, Norman L. Des Jardins, an attorney with considerable experience over a long period of time in probate matters and who is a member of the Michigan bar testified that all of the services enumerated in petitioner's testimony and reflected in the court file could have been easily performed by a competent attorney in less than 56 hours.

Apparently no time sheets were kept by the petitioner in his office records, if so, they were not available as evidence. In a statement rendered at the request of the executor for a break-down of the time consumed the attorney sets out as follows—"20 hours expended in re Pickren v. Joseph A. Rafferty, as executor, etc.", and

"215 hours expended in representation of personal representative in the county judge's court, etc., and general services on behalf of the estate." In his direct testimony and upon cross-examination all periods of time were merely estimated.

The complaint in the Pickren case was dismissed without prejudice upon petitioner's motion.

In view of the extreme difficulty in determining the value of the services rendered by petitioner on a time consumed basis I feel impelled to turn to the decision of our Supreme Court in In re Lieder's Estate, 103 So. 2d 192, and, as suggested by Mr. Justice O'Connell, in his opinion on page 201, refer to the minimum fee schedule of the Palm Beach County Bar Association in determining the amount of the fee to be awarded for the ordinary services of petitioner rendered to the estate.

The fee schedule, as amended in 1959, with reference to services to testate or intestate estates in entire ordinary probate (pg. 19.15 Member's Handbook) is as follows—

(a)   If administered by a trust company or a member of the Florida Bar:

| *Amount or Value of Estate* | *Fee* |
|---|---|
| Not over $1,000 | $ 150 |
| Over $1,000 but less than $100,000 | $ 150 plus 3% of excess over $ 1,000 |
| $100,000 to $1,000,000 | $3,120 plus 2% of excess over $100,000 |

(b)   If administered by anyone other than a trust company or a member of the Florida Bar:

| *Amount or Value of Estate* | *Fee* |
|---|---|
| Not over $1,000 | $ 150 |
| Over $1,000 but less than $50,000 | $ 150 plus 5% of excess over $ 1,000 |
| $50,000 to $100,000 | $2,600 plus 3% of excess over $ 50,000 |
| $100,000 to $1,000,000 | $4,100 plus 2% of excess over $100,000 |

Petitioner presented two witnesses, members of the Florida bar, one of whom testified that the reasonable value of the ordinary services rendered by petitioner would be the sum of $6,500, and an additional sum of $3,125, for extraordinary services, or a total of $9,625, the other witness testified that a reasonable fee for ordinary services would be $5,500, and an additional sum of $4,000, for extraordinary fees. Witnesses for the administrator testified

that a reasonable fee would be from $20 to $25 an hour for the time necessarily consumed in performing the services rendered which were ordinary, and $30 an hour for the extraordinary.

The value of the estate according to the inventory filed by the executor and the report of the appraisers amounts to $436,699.81.

Under schedule (a) the fee for ordinary services would be $4,927, while under (b) it would come to $5,417.

Before the bar rate was amended in 1959 the difference in compensation depended upon whether or not the personal representative was experienced in handling estate matters. While the executor of this estate was not a member of the Florida bar it appears that he was a member of the bar of the District of Columbia with considerable experience in the administration of estates, resolving many of the legal problems of the estate through his own knowledge and efforts. Had he been a member of the Florida bar it would not have been necessary to employ an attorney to perform the ordinary legal services involved and, while he would have been entitled to some extra compensation for such services above his statutory commissions as the executor, a considerable saving would have been made for the estate.

In this case I am in favor of computing the fee under schedule (a) of the manual.

Since the executor was not qualified to act in Florida, the services rendered in procuring letters testamentary were not of value to the estate. This work is duplicated in qualifying an administrator with the will annexed. There is testimony in the record to the effect that $500 should be deducted in computing the value of ordinary services on this account.

A reasonable fee, according to the schedule used would be as follows—

> $3,120 plus 2% of $336,699.81, or
> 6,734 a total for the entire administration of
> 9,854 divided by 2 since it is but half completed, or
> 4,927 from which should be deducted
>   500 leaving a balance of
> 4,427 for ordinary services.

There do not appear to be any complex or difficult legal problems reflected by the file in this case—one James A. O'Toole filed a petition claiming to be a pretermitted spouse of decedent and that the

principal asset of the estate, to-wit: the real estate is homestead property.

Petitioner herein claims extraordinary compensation for giving the executor legal advice as to this claim. I am of the opinion that it is the function of counsel in the ordinary administration of an estate to advise the personal representative regarding the legality of claims filed and that such services do not become extraordinary unless the claim results in litigation or the dispute is settled through the efforts of the attorney. In the instant case the answer to the O'Toole claim was filed by other attorneys and not this petitioner.

Petitioner prepared a preliminary notice and report, but did not prepare or file a federal estate tax return. He attempted to work out a solution with the county tax collector's office for the failure to file an intangible tax return. He conferred with real estate brokers regarding the sale of real property of the estate. This was an executorial service.

There are, I agree, some extraordinary services rendered which were as follows—

Filing petition and obtaining order to sell an automobile for $2,500.

Filing motion and obtaining order to sell the personal property of the estate.

Filing motion and obtaining an order of dismissal in Pickren v. Bentley.

I believe that two hours for each order of sale and five hours for the order of dismissal was a sufficient time to be allowed for these services and that $30 an hour is a maximum fee therefor.

I am willing to allow petitioner for his ordinary services, the sum of $4,427, and for extraordinary services the sum of $270, or a total of $4,697.

It is therefore, ordered and adjudged that the administrator c.t.a. d.b.n. pay to the petitioner, George H. Henry, the sum of $4,697, in full compensation for his legal services rendered the estate of Arvilla P. Bentley, deceased.