MANN, Judge.
The appellant was, at a late stage of the administration of this estate, succeeded as attorney for the executrix by another lawyer. Without notice and hearing, the County Judge entered an order fixing attorney’s fees and allocating the fee between the attorneys. The order gives appellant one-third of the fee and the successor attorney two-thirds. A petition for rehearing was filed. A stipulation was filed wherein the two attorneys agreed that the appellant should receive three-fourths of the fee and the successor attorney one-fourth, since the appellant had apparently done most of the work.
The County Judge, who had received some complaint from the executrix about the appellant’s handling of the estate, wrote the appellant that the petition would be granted if appellant would consent to the presence at “rehearing” (which would be, in effect, the first hearing appellant had been afforded) of members of the grievance committee. The appellant having declined this opportunity, this appeal ensued.
Most of this controversy was unnecessary. There was indeed some delay in handling some matters, but on the other hand, the executrix had suffered, for a time, a disabling illness. Certainly if the County Judge thinks that there is in this case a matter requiring investigation by the grievance committee he should by all means inform its chairman and cooperate with the committee. But there is no authority for the use of an order apportioning attorney’s fees as a punitive device.
Furthermore, this order should not have been entered ex parte. The record shows that a dispute existed, and notice and opportunity to be heard are fundamental requirements of due process.[1] There is some correspondence in the record showing that a meeting before the judge with the executrix and appellant present was proposed, but at a time which conflicted with prior commitments of the appellant in another court, a fact promptly communicated.
Appellant’s right to a “rehearing” rests upon his being denied a hearing, and the petition should have been granted.
There is, from this record, an apparent informality in the practice of probate law on the part of appellant, and the County Judge has ample power to insure that the rules are complied with. On the other hand, he is, like all of us, bound by them himself.
Reversed and remanded.
HOBSON, A. C. J., and McNULTY, J., concur.

. Fla.Const., Deck of Rights, § 9, F.S.A.; see 6 Fla.Jur., Constitutional Law, § 322, and cases there cited. See also U.S. Const. Amends. V & XIV.