HOBSON, Judge.
On June 24, 1969, the County Judge entered an order allowing attorneys for Citizens National Bank of Orlando, co-executor of the estate of Charles V. Maxcy, *11 $25,000 for ordinary services and $25,932 for extraordinary services. On the same day the lower court awarded appellee, as attorney for the co-executor, Irene H. Maxcy, $20,000 for ordinary and extraordinary services. On appeal this court reversed those orders and remanded the cause for further proceedings, requiring the County Judge to re-examine the entire matter of overall fees and restructure them in line with the views expressed in our opinion. In Re Estate of Maxcy, Fla. App.1970, 240 S.2d 93.
On October 19, 1972, the County Judge held a hearing, without notice to appellants’ attorney, and on November 27, 1972, entered an order awarding appellee $15,000 for his services rendered to the co-executor of the estate.
Appellants’ motion to vacate or, alternatively, for rehearing, was denied, and this appeal ensued.
The record on appeal shows that appellants were not afforded the opportunity to be heard on appellee’s petition for attorney’s fees when the lower court permitted the hearing to proceed without notice to appellants or their attorney, in violation of, F.S., § 734.01(2) F.S.A. By such ex parte hearing on the petition and the entry of the order thereon, appellants were denied due process of law. Fuentes v. Shevin, (1972) 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556; Prunty v. State ex rel. Williams, Fla.App.1969, 226 So.2d 448; In re Estate of Nye, Fla.App.1972, 263 So.2d 252.
It is also clear that the County Judge did not comply with the mandate of this court, and therefore the order must be reversed. Sullivan v. Chase Federal Savings and Loan Ass’n., Fla.App.1961, 132 So.2d 341; Rinker Materials Corp. v. Holloway Materials Corp., Fla.App.1965, 175 So.2d 564; Posner v. Posner, Fla.1972, 257 So.2d 530.
On January 1, 1973, pursuant to Florida Constitution, Rev. Article V, Case No. 3080, styled In Re Estate of Charles V. Maxcy, .Deceased, in the County Judge’s Court, from which this appeal was taken, was transferred to the Circuit Court of the Tenth Judicial Circuit of the State of Florida while this appeal was pending. On January 31, 1973, that case was consolidated with two other cases pending in the Circuit Court.
Upon remand all issues of attorneys’ fees should be determined in accordance with our opinion in In Re Estate of Max-cy, reported in 240 So.2d 93.
Reversed and remanded.
MANN, C. J., and McNULTY, J., concur.