PER CURIAM.
Defendant-appellant appeals a final judgment quieting plaintiff-appellee’s fee simple title in real property.
In 1914 the subject property was purchased by Christopher Switzer and his wife, Clara. Christopher and Clara constructed a home thereon and lived in it with their son Russell and their daughter, appellant herein, Catherine, until Clara’s death in 1919. In 1923 Christopher married Dallas B. Perkins who with her three children of a former marriage took up residence on the property with Christopher. Appellant lived with her father and Dallas until her marriage in 1924. On February 6, 1941 Christopher joined by Dallas conveyed the subject property to a straw man who, in turn, reconveyed the realty to Christopher and Dallas as tenants by the entireties. On April 13, 1943 Christopher died and left as his sole heirs, his second wife, Dallas, his daughter, the appellant, and his son, Russell. Russell died in 1946 and his lineal descendants subsequently conveyed their interest in the property to the appellant in 1968. Dallas continued to live on the property until her death in 1955. She left a last will and testament devising the property in question to her *359 three children in equal shares. This will was recorded in the public records of Dade County, Florida and served as a basis for an order of administration unnecessary. Eventually, Doris, the daughter of Dallas, received from her two brothers their interest in the property. In 1965 Doris and her husband conveyed the property to J. Duncan Bryan who thereafter conveyed the property to Blanche B. Klugh, the sister of Dallas and the original plaintiff in this action.
Since the death of Dallas Switzer in 1955, Blanche Klugh and her predecessors in title have been in actual possession of the property which they claimed is their own, have paid the taxes levied against the property, have maintained it, repaired it and kept it insured.
In 1972 Blanche Klugh filed a complaint praying therein that the court find that the title of the plaintiff in and to the subject property be quieted against any adverse claims of the defendant, (appellant herein) Catherine Switzer Carter. Defendant answered and counter-claimed to quiet her title in the subject property. Defendant claimed her ownership by reason of the fact that she is the sole surviving lineal descendant of Christopher Switzer and that the property in question was the homestead property of Christopher at the time of his death. The cause proceeded to a non-jury trial and after the parties submitted their respective memoranda of law, the chancellor entered final judgment quieting Blanche Klugh’s fee simple title against any adverse claims of the defendant, Catherine Switzer Carter, on the finding that Blanche Klugh had sustained her burden in law and in fact as to her adverse possesion of the subject property. Defendant appeals therefrom. We affirm.
At the onset, we note that all parties concede that the 1941 deed to Christopher and Dallas Switzer was not effective to create a tenancy by the entireties because the subject property was homestead and therefore § 95.23, Fla.Stat., F.S.A. is inapplicable. Reed v. Fain, Fla.1962, 145 So.2d 858.
Thus, the only question presented for our determination is whether or not plaintiff-appellee, Blanche Klugh, sustained her burden of proving the essential facts to establish adverse possession under color of title pursuant to §§ 95.16, 95.17, Fla.Stat., F.S.A., which read in part:
“95.16 Real actions; adverse possession under color of title; requirements
“Whenever it appears that the occupant, or those under whom he claims, entered into possession of premises under claim of title exclusive of any other right, founding such claim upon a written instrument as being a conveyance of the premises in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the premises included in such instrument, decree, or judgment for seven years, the premises so included shall be deemed to have been held adversely. . .
“95.17 Definition of possession and occupation under color of title
“For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument, or a judgment or decree, land shall be deemed to have been possessed and occupied in any of the following cases:
******
“(3) Where (although not enclosed) it has been used for the supply of fuel, or of fencing timber for the purpose of husbandry, or for the ordinary use of the occupant; or . . . ” [Emphasis Supplied]
******
With respect to § 95.16, Fla.Stat., it is undisputed that the will of Dallas Switz-er, the written instrument under which plaintiff and her predecessors claim title to the subject property, was recorded in the public records of Dade County and, further *360 more, upon the death of Dallas Switzer, plaintiff and her predecessors have been in actual possession of the premises. In addition with regards to § 95.17(3), Fla.Stat., it also is undisputed that the subject realty was used for the ordinary use of the occupant, i. e. for residential purposes in the case sub judice.
Finally, it was immaterial that the devise of the subject property by Dallas Switzer in her will was invalid. For color of title means only apparent or semblance of title as opposed to actual title. Moore v. Musa, Fla.App.1967, 198 So.2d 843.
Thus, we conclude that the chancellor was eminently correct in finding that plaintiff, Blanche Klugh, had sustained her burden in law and in fact as to her adverse possession of the subject property and thereupon entering judgment quieting her fee simple title against any adverse claims of the defendant. Cf. Chasteen v. Chasteen, Fla.App.1968, 213 So.2d 509.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.