348 So.2d 361 (1977)
In re the GUARDIANSHIP OF Catherine BERG, Incompetent.
No. 76-1463.
District Court of Appeal of Florida, Second District.
July 13, 1977.
Rehearing Denied August 15, 1977.
Kent W. Davis, Foster & Davis, St. Petersburg, for appellant.
Gardner W. Beckett, Jr., Nelson, Beckett, Nelson & Thomas, St. Petersburg, for appellee.
*362 BOARDMAN, Chief Judge.
The question presented on this appeal is whether in a guardianship proceeding the trial court erred in granting an attorney's fee of "between $200 to $300" to the attorney for the estate of an incompetent, in failing to award a fee to the guardian of the property of the estate, and in awarding the sum of $500 to the guardian of the person. We reverse the order of the trial court as to the fees awarded to the attorney and guardian of the property and affirm as to the fees granted to the guardian of the person.
Appellant/petitioner, Kent W. Davis, petitioned the trial court for authorization of payment of reasonable fees for services rendered by the guardians of the person and property of Catherine Berg and for attorney's fees. The petition was accompanied by a sworn affidavit stating that reasonable compensation for 101 hours in services rendered from June 1973 to June 1976 by the guardian of the person, Mrs. E. Dane Bailey, was $1,000; for 45 1/2 hours in services rendered from September 1973 to June 1976 by the guardian of the property Kent Davis, was $675; and for 50 1/4 hours in services rendered from September 1973 to June 1976 by the law firm of Foster & Davis of which Kent Davis was a member, was $2,500. The record shows that Davis has previously been awarded $750 for services rendered as guardian of the estate and a like sum for services performed as the attorney for the estate up to September 23, 1973. His claim for additional fees is for services rendered in both capacities after that date.
The trial court entered an order finding:
1. That the guardian [of the person] has not been paid any fee for services and that she is paid $500, as her fee. This is not adequate or reasonable for her services, but it is still all the estate can afford.
2. That the attorney's fees be paid in the amount of the balance held by the guardian. The Court has taken into consideration the fact that Mr. Davis has already received $750, as attorney. The balance would be somewhere between $200 and $300. This fee is also inadequate for services, but it is all the estate of the Ward can afford to pay.
No fee was set at this time for Davis specifically for services performed in his capacity as guardian of the property.
The final accounting showed that Berg's estate included assets totaling $11,817.54. The principal asset was a $11,500 purchase money mortgage and promissory note, and the remainder was cash. It appears that the trial court based the award of $200 to $300 on the amount of cash on hand and apparently failed to take into consideration the total assets of the estate. In so doing it used an incorrect basis.
Davis expended time, labor, and ingenuity in protecting the estate of the guardian and for such services he should be reasonably compensated. We do not believe that the approximately $6.00 per hour for services rendered by him as attorney for the estate and no award for services rendered by him as guardian of the property of the estate is reasonable.
Although the trial judge stated in his order that $500 was not reasonable for the services performed by Mrs. Bailey, we hold, after review of the circumstances and the services rendered, the fee to be a reasonable one and for that reason affirm the award to her.
We remand to the trial court for the purpose of reviewing the fees awarded Davis. In doing so we have no doubt that the trial court will consider the monies previously received by him, the total assets remaining in the estate, and the fact that Davis acted as both guardian of the property and attorney and set a reasonable fee to be paid according to a schedule of regular periodic payments in a reasonable amount until the fees are paid in full. The trial judge in his discretion may award one reasonable fee for all the services performed by Davis or award separate reasonable fees for the services performed in each capacity.
*363 Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
McNULTY and SCHEB, JJ., concur.