SCHEB, Judge.
Appellant Clarence E. Owen, contracted with his attorney, Frank B. Byron, to defend him against criminal charges. Owen was subsequently declared incompetent and his brother, Charles E. Owen, was appointed his legal guardian. Attorney Byron was then retained by the guardian to represent Owen in defense of a civil suit and in later *27 proceedings which led to judicial restoration of Owen’s competency.
Following the restoration of Owen’s competency, the guardian submitted his final accounting to the court and sought approval of all fees paid to Byron from the guardianship account. Owen objected on the ground that he was not competent at the time he contracted for Byron’s services in the criminal ease, and that the guardian had not presented evidence to support the reasonable value of the services rendered on any of the matters. The court overruled the objection and entered an order approving payment of all fees. This appeal ensued.
On oral argument, Owen conceded that the award of fees in conjunction with Attorney Byron’s defense of the civil litigation cannot now be contested since those fees were judicially approved during the civil litigation and no appeal was taken from that order. He does, however, challenge fees paid in conjunction with the contract for representation against the criminal charges and in proceedings which led to restoration of his competency. As to the fees paid pursuant to the contract, we find no error. Owen entered into the contract to pay Byron a fixed fee for specified legal services while he was legally competent. The court’s acceptance of Owen’s plea that he was temporarily insane at the time he committed the crime did not have the retroactive effect of making him legally incompetent to enter into the fee contract. Subsequent to the adjudication of incompetency, Owen’s guardian ratified the contract and paid Byron pursuant to its terms. Under these circumstances it was not necessary for the guardian to document the services performed by Byron or to present evidence on the reasonable value of the services.
As to the remaining attorney’s fees, we think Owen’s contention has merit. The guardian paid Attorney Byron $1,440 in addition to expenses in connection with services rendered to determine Owen’s legal competency. The court erred in approving this payment without evidence of the reasonable value of the services. Consequently, such award cannot stand. Lucom v. Atlantic National Bank of West Palm Beach, 97 So.2d 478 (Fla.1957); see also Dierickx v. Wisehart, 195 So.2d 614 (Fla. 3d DCA 1967).
Accordingly, we direct the trial court to enter an amended order disallowing $1,440 of the fees paid to Attorney Byron. Otherwise, the order appealed from is affirmed.
GRIMES, C. J., and RYDER, J., concur.