COWART, Judge.
This is an appeal from an order denying appellant, an attorney, a fee for services rendered to the guardian of an incompetent.
The record reveals the guardian of the incompetent employed appellant, as permitted by section 744.444(13), Florida Statutes (1979), that appellant petitioned for attorney’s fees (§ 744.424, Fla.Stat. (1979)) by verified petition listing the services performed and the time expended on the guardianship’s behalf. At the hearing on the petition another attorney, with expertise in estate work, testified that the work done by appellant was the bare minimum required to be done, that both the hours and the rate charged by appellant were minimum and reasonable and that the legal work performed by appellant was “very well done.” The record reveals a verified petition detailing the work performed,[1] un-contradicted testimony as to the reasonableness of the work done and value of the services rendered,[2] documentary evidence of *809 the services performed[3] and contains no evidence contrary to appellant’s petition. Therefore, the record is ample to establish appellant’s legal entitlement to a reasonable attorney’s fee of $1,700.00.
Appellee argues that because it has been discharged a reversal in this case would create and cause havoc. We suggest that any such result might be caused, not by our disposition of this appeal but by applying for a discharge within the time for appeal from the order denying any attorney’s fee in this case. Now, the need for further administration of the guardianship estate may necessitate revocation of the order of discharge. See Fla.R.P. & G.P. 5.460; E. Simon, Redfeam — Wills and Administration in Florida, § 21.33 n. 2 (5th Ed. 1977).
This cause is remanded for further proceedings consistent herewith. The order denying appellant a reasonable attorney’s fee is
REVERSED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. Appellant’s verified petition specifies the services performed with more particularity than the affidavit approved in In re Guardianship of Berg, 348 So.2d 361 (Fla.2d DCA 1977).

. Owen v. Owen, 376 So.2d 26 (Fla.2d DCA 1979).

. Many of the documents listed in appellant’s exhibit A “schedule of services” can also be found throughout the record, for example, preparation of various oaths of guardians, designation of resident agents and acceptance, and the final letters of guardianship of person and property. Several other petitions in the record are not listed in appellant’s schedule of services but seem to have been prepared by him; for example, petition for order authorizing payment of guardian fees for Mrs. Cilley, petition for order authorizing payment of attorney’s fees, petition for order authorizing payment of guardian fees to First National Bank of Mt. Dora, petition for discharge of guardians, and the inventory.