DAUKSCH, Judge.
This is an appeal from an order denying attorney’s fees to the attorney for the guardian of certain wards.
Richard Campbell died and an estate was established to administer funds for the benefit of his minor children. Their mother was the guardian. A now disbarred lawyer represented and advised her in her guardian capacity. She hired appellant as her lawyer when she could no longer find her former lawyer. When Mr. Fitts undertook to help her prepare her accounting to the court, in accordance with the requirements of law, it was discovered she had made unauthorized expenditures from the estate. The accounting documents were submitted to the court along with a petition to approve the expenditures. The court denied approval and denied, as well, any payment by the estate of Mr. Fitts’s fees. Usually, the estate pays attorneys fees and costs in guardianship matters. § 744.105, Fla.Stat. Here, the judge denied estate payments of the fees “because said services were rendered to the guardian personally in defense of her unauthorized expenditure of guardianship assets, which defense was adverse to the interests of her wards.”
Upon his engagement for services to the guardian Mr. Fitts researched the assets, liabilities, receipts and expenditures of the estate. He discovered the discrepancies and he forthrightly and dutifully prepared the accounting to advise the court of the problem. As always, he recognized his duty to the court as well as his duty to the guardian and the guardianship. For this he is entitled to compensation, even though his client, the guardian, improperly used some of her children’s money. Cilley v. First National Bank of Mount Dora, 396 So.2d 808 (Fla. 5th DCA 1981); In re Estate of Griffis, 366 So.2d 80 (Fla. 4th DCA 1978). He is not entitled to be paid from the estate for any personal representation of the guardian in seeking to save her from any personal liability to the estate, for negligence or tortious taking. Thus, when Mr. Fitts petitioned the court to approve a portion of the estate expenditures which were not lawful expenditures he was representing the guardian purely personally and the estate need not pay for that portion. However, the estate is lawfully bound to pay his fees for the accounting and petitioning services otherwise. The time and effort in each regard should be apportioned appropriately and a fee from the estate awarded. The order is reversed and this cause remanded for a proper apportionment and award for all services, including those on this appeal, which were not solely for the benefit of the guardian personally.
REVERSED and REMANDED.
COWART, J., concurs.
ORFINGER, J., concurs in part and dissents in part.