528 So.2d 987 (1988)
Michelle Mae HOLMAN, Appellant,
v.
GUARDIANSHIP OF Gertrude FERBER, Incompetent, Appellee.
No. 87-2652.
District Court of Appeal of Florida, Third District.
July 26, 1988.
*988 Kreeger & Kreeger and Judith Kreeger, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is an appeal in a guardianship proceeding from a trial court order awarding a guardian's fee for services rendered by the guardian to the ward. The guardian Michelle Mae Holman brings this appeal and contends that the trial court abused its discretion in awarding an inadequate fee for services rendered to the ward in the year 1986. We entirely agree and reverse.
The undisputed evidence adduced below, by way of detailed affidavits, establishes that Ms. Holman rendered 215 hours of valuable services as guardian of the person of the ward and twenty-eight (28) hours of valuable services as guardian of the property of the ward; moreover, it was shown that the hourly rate established by the court for the guardian's services in past years was a minimal rate of $35.00 per hour. The trial court gave no explanation below as to why it concluded in the order under review (1) that the guardian performed only 165 hours of valuable service for the ward in 1986  rather than the 243 hours detailed in the aforesaid affidavits, and (2) that the guardian was only entitled to $10.00 per hour for services rendered, rather than the $35.00 per hour as established by the court in past years; moreover, no reason otherwise appears in the record which would justify these two conclusions. See Lucom v. Atlantic Nat'l Bank, 97 So.2d 478, 481 (Fla. 1957); In re Guardianship of Berg, 348 So.2d 361, 362 (Fla. 2d DCA 1977); § 744.108, Fla. Stat. (1985); see also Gamse v. Touby, 382 So.2d 115, 116 (Fla. 3d DCA 1980); cf. March v. March, 395 So.2d 200 (Fla. 3d DCA 1981) (fee awarded attorney reversed where inadequate under record evidence); Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512, 514 (Fla. 3d DCA 1979) (same).
The order under review is therefore reversed, and the cause is remanded to the trial court with directions to grant the guardian's application for fees in the amount requested by the guardian in the said application.
Reversed and remanded.