779 So.2d 346 (2000)
In re GUARDIANSHIP of Albert SITTER.
Nicky Valentini, Appellant,
v.
State of Florida, Appellee.
No. 2D98-4291.
District Court of Appeal of Florida, Second District.
February 16, 2000.
*347 Henry E. Nobles, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alison L. Becker, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Acting Chief Judge.
Nicky Valentini disputes the amount of the fee awarded for her services as guardian of Albert Sitter. We conclude that the award was inadequate, and we reverse and remand for reconsideration of Valentini's fee petition.
Mr. Sitter suffers from senile dementia, glaucoma and diabetes. The circuit court appointed Valentini as guardian of his person and property in May 1995. Valentini subsequently reviewed the ward's personal affairs, prepared various reports, and assisted the ward with his placement in an assisted living facility and with various medical appointments and personal needs. In February 1996, she petitioned the court for guardian fees and costs in the amount of $4,424, the product of 126.4 hours times an hourly rate of $35. Valentini supported her verified fee petition with an itemized statement of her services. The circuit court approved the fee request in full.
Valentini continued her services to the ward during the next year, and again filed an itemized verified fee petition. That petition requested a fee of $3,051 for 67.8 hours of services over a 14-month period, multiplied by a higher hourly rate of $45. The circuit court initially deducted $57 from the requested fee without explanation, but eventually approved the fee request in full.
The order at issue here concerns the period April 1997 through July 1998, for which Valentini filed a verified petition for guardian fees in the amount of $4,630. The fee request was for 92.6 hours over 16 months, at an hourly rate of $50. After a hearing, the court entered an order which found that "the material allegations [of the petition] are true," but which awarded a fee of only $2,809.50, roughly $1,800 less than the request. The court offered no explanation for the lesser award, and it summarily denied Valentini's motion for rehearing.
We share Valentini's perplexity about this award. We do not have a transcript of the hearing on the fee petition. But the parties agree that there were no contested issues, and in its order the court found that the allegations of the petition were true. See In re Hobein's Estate, 238 So.2d 497 (Fla. 1st DCA 1970). Obviously, the circuit court disagreed with the hourly rate claimed by the guardian, or with the reasonableness of the time she spent on some activities, or both. But if we assume that the court applied the $45 hourly rate it approved in the previous year, see Holman v. Guardianship of Ferber, 528 So.2d 987 (Fla. 3d DCA 1988), the instant award compensated Valentini for only 62.4 hours *348 over sixteen months, whereas the previous award paid her for 67.8 hours over only fourteen months.
We have carefully compared Valentini's detailed fee petitions for both periods, and find no apparent reason for this disparity. During the latter period Mr. Sitter was hospitalized due to a fall and a resulting head injury. At least ten hours of the time claimed by Valentini were directly related to that matter. Otherwise, Valentini's records reflect that during the latter period she devoted an average of fifteen more minutes per month to Mr. Sitter's affairs than in the prior period, performing substantially similar services. We also note that the ward's net assets had increased each year since the inception of the guardianship. In other words, the evidence which the circuit court accepted as true simply did not support a fee award less than that granted for the earlier period.
The amount of a guardian fee is entrusted to the discretion of the circuit court, and its determination will not be disturbed unless there is a lack of competent substantial evidence to support the award. See Gamse v. Touby, 382 So.2d 115, 116 (Fla. 3d DCA 1980). As mentioned, the evidence did not support the amount awarded in this case.
Beyond that, judicial discretion is never unbridled. Discretionary judicial acts are subject to the test of reasonableness; i.e., they must be supported by logic and justification for the result, founded on substantial competent evidence. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). This limitation on judicial discretion means little, however, in the absence of effective appellate review. In this case, we have discerned an abuse of discretion only because the award falls outside the parameters of reasonableness established by the previous one. Were it not for our ability to make that comparison, we could not ascertain whether this order was supported by logic and justification for the result, because it contained no findings to indicate the circuit court's reasoning.
We note that section 744.108, Florida Statutes (1997), which governs fee allowances for guardians' and attorneys' services in guardianships, does not require the court to make findings of fact in support of guardian fee awards. But even in the absence of statutory directives, the appellate courts have required findings to support discretionary rulings on specific kinds of issues when the absence of such findings might create a perception of arbitrariness or deprive the parties of meaningful appellate review. See, e.g., Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) (requiring findings to support prevailing party attorney fee awards); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987) (requiring findings sufficient to permit appellate review of equitable distribution of assets and liabilities in dissolution of marriage case).
Our duty to render effective appellate review is especially important in guardianship matters, in which the courts wield extraordinary power over the ongoing financial and personal welfare of wards. In fairness to the circuit court in this case, we note that the order on appeal was drafted by Valentini's attorney without findings which might have assisted us in this regard. The proposed order simply awarded the total amount requested. Still, had the court signed the order as submitted, the parties and this court would know that it accepted the time and rate claimed in Valentini's petition. Instead, the court struck through the amount set forth in the proposed order and wrote in its own, and denied Valentini's motion for rehearing in which she sought an explanation. Thus, the parties and this court were left to speculate as to the hours and rate from which the award was derived.
We will not burden guardianship division courts with a time consuming requirement that they make findings of fact to support every award of guardian fees. But when the parties request such findings or call into question the court's reasoning, and such findings would be necessary to *349 permit appellate review of the matter, the court should express findings either in its order or on the record. See Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989) (regarding the need to make findings in support of equitable distribution orders). If on remand in this case the circuit court awards a fee in less than the amount requested in Valentini's petition, its order shall include findings specifying the number of hours and the hourly rate on which the award is based.
Reversed and remanded with directions.
CASANUEVA and SALCINES, JJ., Concur.