756 So.2d 1075 (2000)
Rita SCHACTER, Appellant,
v.
GUARDIANSHIP OF Abraham SCHACTER, Incapacitated, Appellee.
No. 4D99-3366.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
*1076 Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for appellant.
No brief filed on behalf of appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
The plenary guardian of the person and property of the ward appeals an order which, without explanation or apparent basis in the record, awards her a fee of approximately ten percent of that sought by her verified itemized petition. We reverse and remand for further consideration.
A previous petition of the guardian, covering the seven months preceding the petition involved here, had been approved by the court for 335.57 itemized hours of service at $25 per hour. The petition on which the present order was based itemized 897.33 hours of service covering a period of nine months and, on the basis of $25 per hour, sought a guardianship fee of $22,433.25. Along with the petition, a proposed order was submitted to the court with the hourly rate, total hours and compensation already inserted to correspond to the respective rate, total hours and compensation sought by the petition. Without a hearing on the petition or any explanation, the court signed the proposed order but only after first modifying it by reducing the hourly rate to $5, the hours worked to 500, and total fee to $2,500.
While our examination of the itemized petition reveals services which the court may well have found to be either unnecessary or for some other reasons to be non-compensable[1], there is simply no explanation as to why the court would reduce the guardian's fee from the previously approved rate of $25 per hour to a rate of $5 per hour[2], a mere 20 percent of the previously approved rate. A guardian is entitled to a reasonable fee for services rendered. § 744.108(1), Fla. Stat. (1999); Lucom v. Atlantic Nat'l Bank of West Palm Beach, 97 So.2d 478 (Fla.1957); In re Guardianship of Berg, 348 So.2d 361 (Fla. 2d DCA 1977). That the court had previously approved a fee based on the rate of $25 per hour does not mandate that fees allowed in the future be at the same rate. However, it does create a valid presumption that $25 per hour is a reasonable rate for the services provided by this guardian in the absence of valid justification for a different rate.
Although the amount of a guardian's fee is entrusted to the discretion of the trial court, there must be substantial competent evidence to support the award. We find none here. In factually similar cases, the courts have found that such a drastic reduction of fee, without explanation or support in the record, was an abuse of discretion. See, e.g., Holman v. Guardianship of Ferber, 528 So.2d 987 (Fla. 3d DCA 1988); Valentini v. State, 25 Fla. L. Weekly D436, ___ So.2d ___, 2000 WL 193601 (Fla. 2d DCA Feb. 16, 2000); Smith v. Guardianship of Knox, 751 So.2d 763 (Fla. 3d DCA 2000). We hold that it was an abuse of discretion for the trial court to arbitrarily reduce the guardian's hourly rate to $5 per hour. Upon remand *1077 the court shall reconsider the petition, applying the criteria set forth in section 744.108(2), Fla. Stat.
REVERSED and REMANDED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] However, the form order signed by the court contained the finding "that the material allegations of the Petition are true ..."
[2] A rate, we would note, which is below the present minimum wage.