GREEN, Judge.
In this guardianship case, Henry Nobles, attorney for the guardianship petitioner, Adult Protective Services Division of the Florida Department of Children and Families, appeals the trial court’s order which reduced his attorneys’ fee award as recommended by the general master. We reverse.
A recitation of the services provided by appellant to the ward is unnecessary, except to note that the general master entertained an evidentiary hearing concerning appellant’s petition for attorneys’ fees and recommended the amount of $3630. Several months later, the trial judge entered an order striking the recommendation of the general master and reducing Nobles’ fees to $700. The order contained no explanation for the reduction. The trial judge later entered a second order, after a nonevidentiary hearing attended by Nobles, asserting that attorneys’ fees were reduced because Nobles failed to “follow through on this case subjecting Mrs. Rup-pert to potential further exploitation.” Nobles requested a rehearing on the issue of his fees, which was denied.
While there is no transcript of the proceeding before the trial judge, we are constrained to recognize the apparent inadequacy of either order to address the recommendation of the general master or to make reference to any evidence otherwise available to the trial judge. In In re Guardianship of Sitter, 779 So.2d 346 (Fla. 2d DCA 2000), the court stated:
We will not burden guardianship division courts with a time consuming requirement that they make findings of fact to support every award of guardian fees. But when the parties request such findings or call into question the court’s reasoning, and such findings would be necessary to permit appellate review of the matter, the court should express findings in its order or on the record.
Id. at 348.
The court abused its discretion when it disregarded the general master’s report without a finding that the report was clearly erroneous or that the master had misconceived the legal effect of the evidence. DeClements v. DeClements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995).
We therefore reverse and remand for a proceeding consistent with this opinion.
Reversed and remanded.
PATTERSON, C.J., and SILBERMAN, J., Concur.