876 So.2d 690 (2004)
Sharon A. SHAPPELL, Appellant,
v.
GUARDIANSHIP OF Stanley A. NAYBAR, Appellee.
No. 2D03-3745.
District Court of Appeal of Florida, Second District.
June 25, 2004.
*691 Theodore" Ted" E. Karatinos of Prugh, Holliday, Deem & Karatinos, P.L., Tampa, for Appellant.
No appearance for Appellee.
WALLACE, Judge.
Sharon A. Shappell (the Guardian) appeals the circuit court's order that denied her entitlement to compensation for services rendered on behalf of Stanley A. Naybar (the Ward). Because the circuit court's order was entered without notice and an opportunity for the Guardian to be heard, we reverse the order and remand for reconsideration of the Guardian's petitions for compensation and expenses.
The Guardian was appointed as emergency temporary guardian of the Ward on September 9, 1998, and as plenary guardian of the person and property of the Ward on October 15, 1998. In February 2001, the Guardian filed a petition requesting compensation for services rendered on the Ward's behalf from August 26, 1998, through October 31, 2000. This petition was still pending when the Ward died on June 17, 2001. After the Ward's death, the Guardian filed a second petition requesting compensation for services rendered from November 1, 2000, through August 6, 2001.
On June 3, 2003, almost two years after the Ward's death, the circuit court entered an order denying both of the Guardian's petitions in their entirety. Insofar as the record reveals, no interested party objected either to the Guardian's entitlement to compensation for her services or to the amount of the fees she had requested. The Guardian has appealed the circuit court's order.
The circuit court did not conduct a hearing prior to the entry of the order under review. Although an administration proceeding has been opened for the Ward's estate and a personal representative appointed, the personal representative has not submitted a brief to this court.
The Guardian argues that the entry of the order denying her entitlement to compensation for her services without notice and a hearing violated her right to due process of law. Article I, section 9, of the Florida Constitution guarantees the right to due process of law. In Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935) (citations omitted), the Supreme Court of Florida said:
In observing due process of law, the opportunity to be heard must be full and fair, not merely colorable or illusive. Fair notice and a reasonable opportunity to be heard shall be given interested parties before a judgment or decree is rendered. Due process of law means a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights.
The right to due process of law must be respected in guardianship proceedings. See Essenson v. Lutheran Servs. Fla., Inc. (In re Guardianship of King), 862 So.2d 869, 870-71 (Fla. 2d DCA 2003); McGilton v. Millman, 868 So.2d 1259, 1261-62 (Fla. 4th DCA 2004).
Generally speaking, a guardian is entitled to a reasonable fee for services rendered. Lucom v. Atl. Nat'l Bank of W. Palm Beach, 97 So.2d 478, 480 (Fla.1957); Schacter v. Guardianship of Schacter, 756 So.2d 1075, 1076 (Fla. 4th DCA 2000) (citing section 744.108(1), Florida Statutes *692 (1999), which has remained unchanged at all times relevant to this case). We recognize that the circuit courts of this state frequently dispose of uncontested petitions for compensation and expenses in guardianship matters informally without conducting a hearing. See generally Edward A. Shipe, Fees and Other Costs in Guardianship Proceedings, in Florida Guardianship Practice § 23.5 (Fla. Bar CLE 4th ed.2002). However, just as due process of law requires notice to interested parties and an opportunity to be heard before the court rules on a contested petition for fees in an estate administration, Maxcy v. Brett (In re Estate of Maxcy), 280 So.2d 10, 11 (Fla. 2d DCA 1973), Breed v. Nye (In re Estate of Nye), 263 So.2d 252, 253 (Fla. 2d DCA 1972), these requirements of due process apply equally to a contested petition for fees in a guardianship proceeding. Additionally, even in the absence of a challenge by an interested party to a guardian's petition for fees, the circuit court should not reduce the amount of compensation requested by the guardian without first providing the guardian with an opportunity to be heard on the petition. See Valentini v. State (In re Guardianship of Sitter), 779 So.2d 346 (Fla. 2d DCA 2000); Schacter, 756 So.2d 1075. In this case, without notice and an opportunity to be heard on the merits of the petition, the circuit court denied the Guardian any compensation. This violated the Guardian's right to due process of law.
Accordingly, the order is reversed and this case is remanded to the circuit court for reconsideration of the Guardian's petitions after notice to interested parties and a hearing. On remand, if the circuit court once again determines to deny any compensation and reimbursement of expenses to the Guardian or to award less than the amount requested in the petitions, its order shall include a recital of the findings of fact and conclusions of law upon which the order is based.
Reversed and remanded.
KELLY and CANADY, JJ., Concur.