922 So.2d 311 (2006)
Ivan Curtis HUTCHISON, Appellant,
v.
CHASE MANHATTAN BANK and Jimmy Lee Parks, Appellees.
No. 2D05-1869.
District Court of Appeal of Florida, Second District.
February 17, 2006.
*312 Susan J. Silverman, Sarasota, and James D. Park of James D. Park, P.A., Venice, for Appellant.
Forrest G. McSurdy of Stern & McSurdy, P.A., Law Offices of David J. Stern, P.A., Plantation, for Appellee Chase Manhattan Bank.
No appearance for Appellee Jimmy Lee Parks.
WALLACE, Judge.
Ivan Curtis Hutchison appeals the denial of his motion for relief from judgment. Because the orders from which Mr. Hutchison sought relief were void as to Mr. Hutchison, the circuit court erred in denying Mr. Hutchison's motion. Accordingly, we reverse the order that denied Mr. Hutchison's motion, and we remand this case to the circuit court with directions and for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
The facts in this case are disquieting. Chase Manhattan Bank (Chase) foreclosed a mortgage against property owned by Jimmy Lee Parks. After the conclusion of the mortgage foreclosure action, Chase obtained a writ of possession that resulted in the eviction of Mr. Hutchison from a different property that he owned. Mr. Hutchison was not named as a defendant in the foreclosure action, and the circuit court entered the orders that resulted in Mr. Hutchison's eviction from his residence without prior notice or a hearing. When Mr. Hutchison applied to the circuit court for relief from the orders under Florida Rule of Civil Procedure 1.540(b), the circuit court denied his motion. To explain how this happened, we begin with the mortgage that was the subject of the foreclosure action.
In September 1998, Mr. Parks gave Pan American Bank, FSB (Pan American), a mortgage on real property in Sarasota County, Florida. The legal description of the property stated in the mortgage was as follows:
Lot 25, Block 66, VENICE BY-WAY SUBDIVISION, according to the plat thereof, recorded in Plat Book 2, Page 61 of the Public Records of Sarasota County, Florida.
In addition to providing the legal description of the property, the mortgage also stated the address of the property as "100 N JESSICA STREET, [NOKOMIS], FLORIDA 34275." The property was residential; there was a mobile home located on it. For convenience, we will refer to *313 this property in the balance of this opinion as "Lot 25."
In fact, the street address for Lot 25 is not "100 N. Jessica Street" as stated in the mortgage. The correct address for Lot 25 is 102 N. Jessica Street. The 100 N. Jessica Street address is actually for Lot 26, Block 66, in the same subdivision. We will refer to this property as "Lot 26." Mr. Parks owned Lot 26 as well as Lot 25. The two lots are apparently adjacent to each other. There is a concrete block stucco home  not a mobile home  located on Lot 26.
Chase acquired the mortgage by assignment from Pan American. In September 2002, Chase filed an action to foreclose the mortgage. The parties named as defendants in the action were Mr. Parks, his unknown spouse, "Unknown Tenant I," "Unknown Tenant II," and two junior lienholders. Mr. Hutchison was not named as a defendant, and he was never served with a summons in the action. Chase subsequently filed a notice dropping the two "unknown tenants" as parties. Chase attached a copy of the mortgage to its complaint. In addition to the mortgage foreclosure, Chase sought reformation of its mortgage to add a mobile home to the description of the property subject to the mortgage. However, Chase did not seek the reformation of its mortgage to include Lot 26.
When Chase filed its mortgage foreclosure action, it also filed a notice of lis pendens. The notice of lis pendens stated that the relief Chase sought was the foreclosure of a mortgage encumbering Lot 25, together with a mobile home located thereon. The notice of lis pendens did not state an address for the property, and it did not mention Lot 26. Chase never amended the notice to include Lot 26.
When Chase moved for the entry of a summary judgment of foreclosure, the circuit court initially denied the motion. Afterward, Chase filed a motion for rehearing which said, in pertinent part:
6. [Chase] has also verified the legal description of the property it is attempting to foreclose. The property [Chase] is attempting to foreclose upon has the following legal description:
Lot 25, Block 66, VENICE BY-WAY SUBDIVISION, according to the Plat thereof, recorded in Plat Book 2, Page 61 of the Public Records of Sarasota County, Florida.
Together with the 1967 Grat mobile home located thereon, bearing Vin # 4GG5212F2N9331.
7. The above legal description is the same as the one found in the Lis Pendens filed in this matter.
Thus the motion for rehearing confirmed the declaration in the notice of lis pendens that Chase was foreclosing only on Lot 25  the lot on which the mobile home was located.
After Chase filed its motion for rehearing but before the entry of a foreclosure judgment, Mr. Parks executed a warranty deed to Lot 26 in favor of Mr. Hutchison. The deed was recorded on October 1, 2003, in the public records of Sarasota County, Florida. Our record does not reflect when Mr. Hutchison went into possession of Lot 26, but he was living in the concrete block stucco home on the property when Chase obtained the alias writ of possession that resulted in his eviction.
Chase scheduled another hearing on its motion for summary judgment, and in December 2003, the circuit court entered a summary final judgment of foreclosure for Lot 25. The foreclosure judgment provided that if Chase was the purchaser at the judicial sale, the clerk of the court was to issue a writ of possession to Chase without further court order for the premises located *314 at 102 N. Jessica Street, Nokomis, Florida, which is the address for Lot 25. Chase was the successful bidder at the foreclosure sale. On February 3, 2004, the clerk of the court issued a certificate of title to Chase for Lot 25.
On February 10, 2004, Chase filed its "Ex-Parte Motion for Order Correcting Scrivener's Error on Final Judgment and Directing Clerk to Issue a Writ of Possession." In its motion, Chase alleged that the foreclosure judgment correctly stated the legal description of the property, "but due to [a] scrivener's error incorrectly states the property address as: 102 N. JESSICA STREET, NOKOMIS, FL 34275." For the first time, Chase alleged that "[t]he correct property address is: 100 N. JESSICA STREET, NOKOMIS, FL 34275." Chase asked the circuit court to enter an order correcting the "scrivener's error" in the final judgment and directing the clerk to issue a writ of possession for Lot 25 and the mobile home located thereon, commonly known as 100 N. Jessica Street, Nokomis, Florida. As we have seen, the correct address for Lot 25 and the mobile home is 102 N. Jessica Street; the 100 N. Jessica Street address is for Lot 26. The next day, the circuit court entered an order as requested by Chase. The sheriff's return to the writ of possession stated that he executed the writ at 100 N. Jessica Street on February 17, 2004. However, Mr. Hutchison was not evicted from his residence at 100 N. Jessica Street at that time.
Two and one-half months later, Chase sought another "correction." On April 29, 2004, Chase filed its "Amended Ex-Parte Motion for Order Correcting Scrivener's Error on Final Judgment and Directing Clerk to Issue an Alias Writ of Possession." In this motion, Chase alleged that the address on the order entered on February 11, 2004, was also incorrect. This time, Chase asserted that "[t]he correct property address is 100 & 102 N. Jessica Street, Nokomis, FL 34275." Chase alleged further that "[t]he property is still occupied by unknown tenants, who have failed and refused to vacate the property." Chase requested a second amendment to the final judgment and the issuance of an alias writ of possession to cure the "scrivener's error." The circuit court entered the requested amended order on April 29, 2004, the same day the motion was filed.
On May 27, 2004, the clerk of the court issued an alias writ of possession directing the sheriff to put Chase in possession of Lot 25 and the mobile home located thereon, "MORE COMMONLY KNOWN AS: 100 & 102 N JESSICA STREET, NOKOMIS, FL 34275." The sheriff executed the writ at 100 and 102 N. Jessica Street on June 2, 2004. On the following day, Mr. Hutchison appeared on his own behalf before the circuit court at a hearing on an "Emergency Motion to Stop Eviction." No court reporter was present, and we do not know what happened at the hearing. The circuit court subsequently entered an order denying Mr. Hutchison's emergency motion, and Mr. Hutchison was evicted from his residence.
After the circuit court denied his emergency motion, Mr. Hutchison obtained counsel. Mr. Hutchison's attorney filed a motion for relief from judgment asking the circuit court to vacate the postjudgment orders and writs as they related to Mr. Hutchison and Lot 26. Mr. Hutchison sought relief under Florida Rule of Civil Procedure 1.540(b) on the ground that the orders and writs were void. He alleged that the orders and writs were void because he had never been made a party to the foreclosure action, had never been served with a summons, and had no opportunity to be heard before being dispossessed of his residence.

*315 THE CIRCUIT COURT'S RULING
At the hearing on the motion for relief from judgment, Chase argued that Mr. Hutchison had no interest in Lot 26 and thus lacked standing to challenge any of the orders in the foreclosure proceeding. Mr. Hutchison replied that he had standing both as a person in possession of the property and as the owner of the property under a deed that was filed in the public records. The circuit court found Chase's argument more persuasive than Mr. Hutchison's, and it entered an order denying the motion for relief from judgment.

DISCUSSION
The premise of Chase's standing argument in the circuit court was that Mr. Hutchison had no interest in Lot 26 because his deed was invalid.[1] But the issue before the circuit court at the hearing on Mr. Hutchison's motion was not the validity of his deed to Lot 26. Rather, the issue before the circuit court was whether prior court orders that had serious and longlasting consequences for Mr. Hutchison[2] were entered in violation of the requirements of due process of law. "Standing is. . . that sufficient interest in the outcome of litigation which will warrant the court's entertaining it." Gen. Dev. Corp. v. Kirk, 251 So.2d 284, 286 (Fla. 2d DCA 1971). Whether or not Mr. Hutchison's deed to Lot 26 was defective, he had been in possession of the property under color of title[3] until he was dispossessed by sheriff's deputies acting in accordance with process issued at the circuit court's direction. Thus Mr. Hutchison had an interest in the outcome of the litigation sufficient to give him standing to challenge the prior orders that had resulted in his eviction. Furthermore, a defect in Mr. Hutchison's deed could not give Chase a right to possession of Lot 26 that it did not otherwise have.
"Article I, section 9, of the Florida Constitution guarantees the right to due process of law." Shappell v. Guardianship of Naybar, 876 So.2d 690, 691 (Fla. 2d DCA 2004). Due process of law requires that interested parties have fair notice and a reasonable opportunity to be heard before a judgment or decree is rendered. See Ryan's Furniture Exch., Inc. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935). Mr. Hutchison was not served with a summons or named as a party in the foreclosure proceedings. He did not receive adequate notice or have an opportunity to be heard before the entry of the orders that resulted in his eviction from his residence. It follows that the challenged orders and the writs of possession based on the orders are void as to Mr. Hutchison. See Linn-Well Dev. Corp. v. Preston & Farley, Inc., 710 So.2d 578, 580 (Fla. 2d DCA 1998); Great Am. Ins. Co. v. Bevis, 652 So.2d 382, 383 (Fla. 2d DCA 1995); Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987). The appropriate procedure for attacking a void judgment is the method employed by Mr. Hutchison in this case  a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b). See Great Am. Ins. Co., 652 So.2d at 383-84; Kennedy, 512 So.2d at 1130. Mr. Hutchison established his entitlement to relief under the rule at the hearing.

*316 CONCLUSION
For these reasons, the circuit court erred in denying Mr. Hutchison's motion for relief from judgment. Accordingly, we reverse the circuit court's order, and we remand this case with directions to enter an order granting Mr. Hutchison's motion and vacating the two postjudgment orders and writs of possession as they relate to Lot 26 and to Mr. Hutchison. On remand, the circuit court may conduct such further proceedings consistent with this opinion as may be appropriate.
Reversed and remanded with directions.
SILBERMAN and VILLANTI, JJ., Concur.
NOTES
[1] The validity of Mr. Hutchison's deed is not material to our decision in this case, and we express no opinion on this issue.
[2] Counsel informed us at oral argument that Chase remains in possession of Lot 26.
[3] Even a void deed is sufficient to provide color of title. See Commercial Bldg. Co. v. Parslow, 93 Fla. 143, 112 So. 378, 383 (1927); see also Carter v. Klugh, 310 So.2d 358, 360 (Fla. 3d DCA 1975) (["C]olor of title means only apparent or semblance of title as opposed to actual title.") (citing Moore v. Musa, 198 So.2d 843 (Fla. 3d DCA 1967)).