NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In re Guardianship of Donald H. Jones,
an incapacitated person.
_____

MICHAEL C. LYUBLANOVITS,

      Appellant,

v.

NANCY L. ZEBNY, as guardian of
Donald H. Jones, an incapacitated
person,

      Appellee.
_____

Case No. 2D17-2237

Opinion filed April 6, 2018.

Appeal from the Circuit Court for Pinellas
County; Mark I. Shames, Judge.

Gerald L. Hemness, Jr., of Emma Hemness,
P.A., Brandon, for Appellant.

Brandon D. Bellew and Caitlein J. Jammo of
Johnson, Pope, Bokor, Ruppel & Burns,
LLP, Clearwater, for Appellee.


KHOUZAM, Judge.

      Michael C. Lyublanovits appeals the trial court's decision appointing

Nancy Zebny, who was the emergency temporary guardian, as the plenary guardian of

Donald Jones. Because we find that the trial court appropriately waived the limitations restricting a previously serving emergency temporary guardian from serving as a permanent guardian and appropriately gave weight to Mr. Jones' wishes that Ms. Zebny remain as plenary guardian pursuant to section 744.312, Florida Statutes (2016), we affirm.

By way of background, the underlying petition to determine incapacity and appointment of an emergency temporary guardian arose because Mr. Lyublanovits was allegedly unduly influencing Mr. Jones, a ninety-seven-year-old man with dementia, to change his long-term estate plan for the benefit of Mr. Lyublanovits.[1] The trial court entered an order appointing Ms. Zebny as the emergency temporary guardian of Mr. Jones.

During Ms. Zebny's five-month tenure as the temporary guardian, she assisted Mr. Jones in a variety of matters. She assisted him in his day-to-day affairs, provided counseling, and helped him cope with his wife's death. As a grief counselor, licensed clinical social worker, and professional guardian with an educational background in mental health, Ms. Zebny developed a positive rapport with Mr. Jones, using her knowledge and training to his benefit. Mr. Jones had no next of kin and expressed his request that Ms. Zebny "stay on" as his permanent guardian.

Mr. Lyublanovits argues that section 744.312 prohibits the appointment of Ms. Zebny because she served as Mr. Jones' emergency temporary guardian and therefore was disqualified from serving as his permanent guardian. He also argues that

---

[1] We note that Mr. Lyublanovits testified that he was a friend of Mr. Jones and had known him for over thirty years.

because she has no "special talent or specific prior experience" as required by section 744.312, it was error for the trial court to have appointed her. We disagree.

"We review a probate court's determination regarding the appointment of a guardian under an abuse of discretion standard." In re Guardianship of Stephens, 965 So. 2d 847, 849 (Fla. 2d DCA 2007). And since the appointment of guardian is within the trial court's discretion, the trial court's decision "must be supported by logic and justification" and "founded on substantial competent evidence." Id. (quoting In re Guardianship of Sitter, 779 So. 2d 346, 348 (Fla. 2d DCA 2000)); see also Morris v. Knight, 1 So. 3d 1236, 1238 (Fla. 4th DCA 2009) (same).

Generally, section 744.312 provides that a trial court may appoint "any person who is fit and proper and qualified to act as guardian." § 744.312(2). It also provides that the court shall consider, among other things, "the wishes expressed by an incapacitated person as to who shall be appointed guardian." § 744.312(3)(a). This statute, however, also places some "limitations" on the trial court's ability to appoint a guardian. See § 744.312(4)(b). Specifically, section 744.312(4)(b) provides as follows:

> An emergency temporary guardian who is a professional guardian may not be appointed as the permanent guardian of a ward unless one of the next of kin of the alleged incapacitated person or the ward requests that the professional guardian be appointed as permanent guardian. The court may waive the limitations of this paragraph if the special requirements of the guardianship demand that the court appoint a guardian because he or she has special talent or specific prior experience. The court must make specific findings of fact that justify waiving the limitations of this paragraph.

In other words, this section restricts the trial court's ability to appoint "[a]n emergency temporary guardian who is a professional guardian . . . as the permanent

guardian" to situations where either the alleged incapacitated person's next of kin or the ward "requests that the professional guardian be appointed as permanent guardian." § 744.312(4)(b).  However, the statute also makes clear that a trial court "may waive" those limitations and appoint the professional guardian as the permanent guardian "if the special requirements of the guardianship demand that the court appoint a guardian" with "special talent or specific prior experience."  Id.  The ordinary meaning of the term "demand" is to ask or call for something in an authoritative manner.  See, e.g., Demand, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/demand (last visited Mar. 8, 2018) (defining "demand" as "to ask or call for with authority, claim as due or just").  And in the event that the guardianship justly calls for the appointment of a professional guardian with special talent or specific prior experience, the trial court "must make specific findings of fact that justify waiving the limitations of this paragraph." § 744.312(4)(b).

In this case, the trial court, after conducting an evidentiary hearing, provided a detailed order setting forth its specific findings of fact in support of waiving the limitations of section 744.312(4)(b).  Those findings of facts were supported by competent substantial evidence in the record.  Notably, the record reflects that Ms. Zebny's special skill set and qualifications include being a case manager for twenty-five years in the areas of grief, bereavement, and crisis intervention.  She holds a master's degree and is also a licensed clinical social worker, a hospice end-of-life counselor, and a practicing therapist and counselor who can both diagnose mental illness and develop plans to assist Mr. Jones with his memory loss and decision making.  The record reflects that this expertise makes Ms. Zebny specially equipped to counsel Mr. Jones on

end-of-life situations, as well as deal with Mr. Jones' daily struggle with his wife's death. In fact, having these skills has allowed Ms. Zebny to not only assist Mr. Jones in his grief but also to identify any "dysfunctional" grief coping mechanisms Mr. Jones may experience. As a result, we cannot conclude based on the record before us that the trial court abused its discretion in finding that Mr. Jones' guardianship demanded the appointment of Ms. Zebny.[2]

Furthermore, the trial court found, as contemplated by section 744.312(3)(a), that Mr. Jones expressed his wish that Ms. Zebny remain as his guardian. Indeed, at the evidentiary hearing, testimony was presented that Mr. Jones mentioned about six or seven times that he liked Ms. Zebny as his guardian. Testimony was also presented that to the extent possible, Mr. Jones recognizes Ms. Zebny as an authority figure in his life and accepts and relies upon her judgment. The trial court properly gave weight to his wishes by appointing her as his permanent guardian.

Accordingly, having carefully reviewed the record, we conclude that the trial court did not abuse its discretion in appointing Ms. Zebny to be the plenary guardian of Mr. Jones as its decision was supported by competent substantial evidence.

Affirmed.

LaROSE, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.

---

[2]We reject Mr. Lyublanovits' argument that the trial court erred in disregarding the term "demand" in its application of section 744.312(4)(b). The record shows that while the trial court recognized at the evidentiary hearing that it was "arguabl[e]" as to whether Mr. Jones' situation "demand[ed]" Ms. Zebny's appointment, the trial court ultimately found in its written order that it "was appropriate to waive the limitations of [section] 744.312(4)(b)." We further note that at the evidentiary hearing, the trial court stated that "my interpretation of the word 'demand' contemplates my findings . . . ." These findings were adequately set forth at the evidentiary hearing and in the final order.