711 So.2d 204 (1998)
Michael J. SCARINGE, Appellant,
v.
Penni Scaringe HERRICK, Appellee.
No. 96-03804.
District Court of Appeal of Florida, Second District.
May 20, 1998.
Elizabeth G. Mansfield of Carnal & Mansfield, P.A., St. Petersburg, for Appellant.
Penni Scaringe Herrick, Cocoa, pro se.
WHATLEY, Judge.
Michael J. Scaringe, the father, appeals a final order on a petition for modification of custody filed by Penni Scaringe Herrick, the mother. The mother was awarded sole parental responsibility of the parties' minor daughter. We affirm.
The mother had an extraordinary burden to effectuate a change of custody. See Blosser v. Blosser, 707 So.2d 778 (Fla. 2d DCA 1998). The trial court found the father to have denied or unilaterally reduced the mother's visitation when the father had custody. The trial court coupled this finding with an additional finding of "alienation by the father-primary residential parent to the extent that the child `hated' the mother." Such a finding is a valid basis for a change in custody. See Berlin v. Berlin, 386 So.2d 577 (Fla. 3d DCA 1980). This case turned on credibility determinations, and we cannot say the trial court abused its discretion in granting the petition to modify custody.
What did cause us concern was the role the guardian ad litem played. The guardian's report contained hearsay; the guardian testified to matters that were hearsay; and the guardian became an advocate. We have carefully reviewed the record related to these actions of the guardian, and we conclude that they were not so fundamentally unfair as to warrant a remand for a new hearing.
The statute controlling the powers and authority of guardians ad litem is section 61.403, Florida Statutes (1995). Subsection (5) of that statute mandates that the guardian file a written report. By necessity, the report will usually contain hearsay. The act of filing the report does not place the report *205 in evidence. Hearsay rules contained in the Florida Evidence Code apply to section 61.403. Accordingly, when a guardian attempts to testify to hearsay statements and a valid hearsay objection is raised, that objection should be sustained.
The statute further mandates that the guardian shall act as the friend of the child and in the child's best interest. See § 61.403. However, the statute also states that the guardian shall not act as an advocate. See § 61.403. The art of advocacy is solely within the domain of counsel or the pro se litigant.
We recognize that section 61.20, Florida Statutes (1995), allows the trial court to consider social investigations and studies in child custody matters without regard to the rules of evidence. However, this statute applies to social investigations and studies conducted by qualified staff of the court or other specified professionals or agencies as set forth in section 61.20(2). A typical guardian ad litem, such as the one in this case, does not meet the criteria of section 61.20(2). Further, we note that there is no similar exception to the rules of evidence in the statute pertaining to guardians ad litem. See § 61.403.
We do not minimize the importance of the role of guardians ad litem in custody cases. Rather, we reiterate the statutory constraints and evidentiary rules which apply.
Affirmed.
PARKER, C.J., concurs.
BLUE, J., concurs specially.
BLUE, Judge, specially concurring.
I concur because I agree the record contains competent, substantial evidence without the testimony of the guardian ad litem to support the decision of the trial court. I write to add another observation regarding guardians ad litem to the concerns expressed by the majority. Guardians ad litem render an invaluable service to the children and courts of this state; however, it is the trial judge who is responsible for the final decision in custody and visitation disputes. Trial judges must remain vigilant that they not abdicate their fact-finding and decisional responsibilities to a guardian ad litem assigned to report on the best interest of a child or children.