730 So.2d 413 (1999)
Douglas Allan ROSKI, Appellant,
v.
Melanie Margareta ROSKI, Appellee.
No. 97-03734.
District Court of Appeal of Florida, Second District.
April 23, 1999.
Karol K. Williams and Allison M. Perry, Tampa, for Appellant.
Thomas G. Hersem, Clearwater, for Appellee.
BLUE, Judge.
Douglas Allan Roski, the father, contends the trial court erred in awarding the Mother sole custody of the parties' two children. We hold the trial court did not abuse its discretion on the custody decision and, accordingly, affirm. We reverse, however, as to the requirement that the Father's visitation be supervised.
This was the type of custody battle that makes the term "embittered" a complete understatement. The record contains volumes of conflicting evidence concerning the parties' acrimonious conduct leading up to the dissolution hearing. Despite the conflicting evidence, the record supports the trial court's determination that the Mother was entitled to be the residential parent. In its *414 order, the trial court evaluated the evidence and credibility of the witnesses vis-a-vis the criteria set forth in section 61.13, Florida Statutes (1995). The trial court further found that shared parental responsibility would be detrimental to the children. See § 61.13(2)(b)2. Because the trial court's order is supported by the record evidence, we find no abuse of discretion in the decision to award the Mother sole parental responsibility. See Longo v. Longo, 576 So.2d 402 (Fla. 2d DCA 1991) (holding that shared parental responsibility must be ordered unless the trial court finds that it would be detrimental to the children). The record makes it clear that these parties were unable to reach agreement on any subject. Joint custody would be an invitation for weekly journeys to family court. Accordingly, we affirm.
We reverse, however, the requirement for supervised visitation as we do not find evidence in the record to support the need for supervision. The Father was the residential parent during the pendency of the proceedings, without any evidence that his custody endangered the children. Although conduct toward the Mother was found to be unacceptable during this time, there was no evidence that would require supervision during his visitation with the children.[1]
We must note that the Father's credibility was severely undermined by his refusal to participate in court-ordered psychological counseling. The Father alleged an inability to pay the costs of counseling while admitting that his family had contributed $100,000 to pay his attorney's fees. The Father's failure to cooperate with Marian Menzel, the court appointed guardian ad litem, also factored into the custody decision he challenges on appeal. In fact, Ms. Menzel became a strong advocate for the Mother in this proceeding and it was her recommendation for supervised visitation that we now reverse. The Father argues that the guardian's advocacy deprived him of a fundamentally fair trial. We have carefully considered this argument but conclude that the Father has failed to show reversible error. However, we have previously cautioned trial judges against abdicating their decision-making responsibility to a guardian ad litem. See Scaringe v. Herrick, 711 So.2d 204 (Fla. 2d DCA 1998). We repeat the warning that, pursuant to section 61.403, guardians shall not act as advocates. We strongly encourage trial judges to jealously guard the court's authority in such matters. Having reviewed the record in this case and the applicable statutes and case law, we affirm the award of sole parental custody to the Mother but reverse the requirement for supervision of the Father's visitation.
Affirmed in part; reversed in part.
PATTERSON, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Although it was suggested at oral argument that the trial court has modified the visitation by eliminating the requirement for supervision, we cannot consider matters outside the record.