862 So.2d 869 (2003)
In re GUARDIANSHIP OF Thelma KING, an incapacitated person.
James L. Essenson, Appellant,
v.
Lutheran Services Florida, Inc., as Guardian of Thelma King; and Lynn King, Appellees.
No. 2D03-1901.
District Court of Appeal of Florida, Second District.
December 17, 2003.
Barbara Jane Welch of the Law Firm of James L. Essenson, Sarasota, for Appellant.
*870 Fred E. Moore of the Law Firm of Bowman, George, Scheb, Toale & Robinson, P.A., Sarasota, for Appellees.
PER CURIAM.
Attorney James Essenson appeals the trial court's denial of his motion for appellate attorney's fees for representing Thelma King in the appeal of the order adjudicating her incapacitated and appointing Lutheran Services Florida, Inc., as her guardian. We reverse.
After Essenson completed his duties as Thelma King's court-appointed counsel in the incapacity proceeding, he filed a motion for appointment as appellate counsel. In that motion, Essenson stated he believed there were "colorable issues for appeal." The trial court issued an order appointing Essenson as appellate counsel and directing guardian Lutheran Services to reimburse him for the filing fees on appeal and for the cost of the trial transcript and record. Subsequently, Essenson prosecuted Thelma King's appeal. While the appeal was pending, the trial court issued an order discharging him from all duties as counsel for the Ward except for the pending "appeal of the court's finding of incapacity and the appointment of Lutheran Services, Florida, Inc., as Guardian of the Person and Property of the Ward."
This court per curiam affirmed Thelma King's adjudication of incapacity and the appointment of Lutheran Services as her guardian. Essenson petitioned the trial court for an order authorizing payment of appellate attorney's fees and costs. In the postappeal hearing on appellate attorney's fees, the trial court denied Essenson's petition, ruling that the appeal did not benefit the Ward because Essenson did not prevail. The probate court's order denying Essenson's petition states:
[H]aving examined the file in this proceeding and having considered the evidence presented finds that the services rendered by James L. Essenson with regard to the appeal of the determination of incapacity and appointment of guardian were not in the Ward's best interests.
Florida cases in which fees have been denied to court-appointed representatives appear to be only those in which he or she was found to have exceeded the scope of appointment. See, e.g., In re Guardianship of Jansen, 405 So.2d 1074, 1077 (Fla. 2d DCA 1981) (reversing fee award for guardian's work investigating ward's physical competency where appointment was limited to representation of ward's financial interests in certain federal litigation). In this case, however, Essenson did not exceed the scope of his appointment as the Ward's counsel for the appeal. There is no evidence that the trial judge limited his appointment for the appeal in any way.
Essenson testified at the fee hearing that he appealed in good faith, that there were valid issues on appeal, and that there was lively discussion at oral argument. He testified that Ward Thelma King, his client, was upset by the incapacity order and asked him to appeal it. An incapacitated ward still has the right to access to the courts and to counsel. § 744.3215(1)(k), (l), Fla. Stat. (2003).
Being found incapacitated places the same stigma on a person as being forced to reside in a mental hospital. One no longer has the autonomy afforded to adults to contract, to determine what is done with his or her funds and property, or to make decisions about what is done with his or her person....
....
[W]hen the state takes away "a person's right to personal freedom, minimal due *871 process requires proper written notice and a hearing at which the alleged incompetent may appear to present evidence in his/her own behalf." Other factors such as [t]he opportunity to confront and cross-examine adverse witnesses before a neutral decision-maker, representation by counsel, findings by a preponderance of the evidence, and a record sufficient to permit meaningful appellate review are concomitant rights in this context that are also required and "cannot be abridged without compliance with due process of law....
....
"[G]uardianship proceedings must comport with constitutional notions of substantial justice and fair play."
Joan L. O'Sullivan, "Role of the Attorney for the Alleged Incapacitated Person," 31 Stetson L.Rev. 687, 702, 706 (2002).
Since the ward's power to contract can be removed by the court as a result of the incapacity adjudication,
in many instances the ward's counsel [after the adjudication] must be contracted for by the ward's guardians or appointed by the court, and an attorney who renders services solely at the request of the ward does so with the risk of nonpayment.... The better practice is to seek a specific court order either permitting the representation or specifically appointing counsel.
Edward A. Shipe, "Fees and Other Costs in Guardianship Proceedings," Florida Guardianship Practice 23-1 (4th ed.2002) (citing In re Guardianship of Bockmuller, 602 So.2d 608 (Fla. 2d DCA 1992)). In this case, Essenson did not render appellate services based solely on the Ward's request; rather, he followed the "better practice" and proceeded based on a trial court order specifically appointing him counsel for the Ward's appeal. If counsel were to proceed without such a court order, counsel would be proceeding at his or her own risk.
Therefore, we reverse the trial court's order ruling Essenson was not entitled to attorney's fees and costs and remand for the trial court to determine the amount of fees and costs Essenson should be awarded based on the factors in section 744.108, Florida Statute (2003).
Reversed.
ALTENBERND, C.J., and DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.