PER CURIAM.
 

 This is an appeal of an order denying a verified petition to determine incapacity. We remand for a new trial.
 

 Nancy Fernandez, the daughter, filed a verified petition to determine incapacity of her mother, Elsa Maria Fernandez. The court appointed an examining committee. Two members of the examining committee recommended a limited guardianship and the third member concluded that no guardianship was necessary.
 

 The matter came before the trial court for an evidentiary hearing. The mother and daughter were present and each was represented by counsel. Other witnesses were also present and testified. The trial court denied the petition and the daughter has appealed.
 

 The daughter contends that the trial court failed to follow proper trial procedure. We conclude that the daughter’s argument is well taken.
 

 We surmise that the trial court, acting from the best of motives, decided that the hearing would proceed more expeditiously if the trial court conducted the examination of witnesses instead of allowing counsel to do so. The trial court swore the witnesses and denied the daughter’s re
 
 *176
 
 quest to invoke the rule of exclusion of witnesses. The court called and questioned the witnesses, affording almost no opportunity for examination or cross-examination by the parties. There were no opening or closing statements.
 

 Respectfully, this was not proper procedure. The Florida Probate Rules provide that in adversary proceedings, “the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern.... ” Fla. Prob. R. 5.025(d)(2).
 
 See generally In re Guardianship of King,
 
 862 So.2d 869, 870-71 (Fla. 2d DCA 2003); The Florida Bar,
 
 Litigation Under Florida Probate Code
 
 § 1.6 (7th ed. 2009); 28 Fla. Jur. 2d
 
 Guardian and Ward,
 
 § 35 (updated Feb. 2010). “The adjudicatory hearing must be conducted at the time and place specified in the notice of hearing and in a manner consistent with due process.” § 744.331(5)(a), Fla. Stat. (2008).
 

 As this was an evidentiary hearing in a contested proceeding, the matter should have been tried as is customary in a bench trial. The parties should have been given an opportunity to make opening and closing statements. Each party should have been given an opportunity to present evidence, call and question witnesses, and cross-examine the other side’s witnesses. When the guardian ad litem gave her report, cross-examination by the parties should have been allowed.
 

 At the start of the hearing, the daughter invoked the rule of exclusion of witnesses. The trial court denied that request. The request should have been granted. The Evidence Code provides:
 

 90.616 Exclusion of witnesses.—
 

 (1) At the request of a party the court shall order, or upon its own motion the court may order, witnesses excluded from a proceeding so that they cannot hear the testimony of other witnesses except as provided in subsection (2).
 

 (2) A witness may not be excluded if the witness is:
 

 (a) A party who is a natural person.
 

 (b) In a civil case, an officer or employee of a party that is not a natural person. The party’s attorney shall designate the officer or employee who shall be the party’s representative.
 

 (c) A person whose presence is shown by the party’s attorney to be essential to the presentation of the party’s cause.
 

 (d) In a criminal case, the victim of the crime, the victim’s next of kin, the parent or guardian of a minor child victim, or a lawful representative of such person, unless, upon motion, the court determines such person’s presence to be prejudicial.
 

 § 90.616, Fla. Stat. (2008) (emphasis added).
 

 The parties, of course, were not subject to exclusion.
 
 Id.
 
 § 90.616(2)(a). The other fact witnesses were all relatives of the parties. Because the daughter timely invoked the rule, the relatives should have been excluded.
 
 *
 

 For the stated reasons, we reverse the order now before us and remand for a new trial. We express no opinion on the merits of the petition.
 

 Reversed and remanded for new trial.
 

 *
 

 The daughter does not complain about the fact that the guardian ad litem was allowed to remain.