PER CURIAM.
Bishullang Shen appeals the order of the trial court which accepted and approved the general magistrate’s recommendation that limited incapacity was established. Shen argues that the court erred in relying on the written reports of the examining committee members, where the adjudicatory hearing was contested and she objected to the reports as hearsay. We agree with *1190 Shen and reverse and remand for further proceedings.
In August of 2011, a petition to determine incapacity was filed with regard to Shen. The petition sought plenary guardianship. Pursuant to the guardianship statute, section 744.331, Florida Statutes (2011), an examining committee was appointed and the committee members examined Shen and filed reports. Shen’s attorney filed an answer denying the allegations of the petition.
An adjudicatory hearing was held, during which the written reports of the examining committee members were accepted by the court over Shen’s hearsay objection.[1] None of the committee members testified. None of the other witnesses provided testimony on which the court could base a finding of incapacity. The committee members found that Shen was not capacitated and needed limited guardianship. The general magistrate issued a report which stated that clear and convincing evidence established Shen’s incapacity and need for a limited guardianship. However, the general magistrate made only the following finding: “K. Parkes- hosp. asked to be petitioner for possible guardian no attempted [ineligible] guardian asked her to file.” Shen’s attorney filed objections to the report, based on the reliance on hearsay. The objections were denied by the trial court, which accepted and adopted the recommendations.
“A trial court’s ruling on mental capacity cannot be disturbed ‘unless the evidence shows it is clearly erroneous.’” Graham v. Fla. Dept. of Children & Families, 970 So.2d 438, 444 (Fla. 4th DCA 2007) (citation omitted). “ ‘In the adjudicatory hearing on a petition alleging incapacity, the partial or total incapacity of the person must be established by clear and convincing evidence.’ ” Id. (citation omitted). “ ‘Proceedings to determine the competency of a person are generally controlled by statute and where a statute prescribes a certain method of proceeding to make that determination, the statute must be strictly followed.’ ” Rothman v. Rothman, 93 So.3d 1052, 1054 (Fla. 4th DCA 2012) (citation omitted).
Section 744.331, Florida Statutes, governs the procedure for determining incapacity. The statute provides in pertinent part:
(5) Adjudicatory hearing.—
(a) Upon appointment of the examining committee, the court shall set the date upon which the petition will be heard.... The adjudicatory hearing must be conducted at the time and place specified in the notice of hearing and in a manner consistent with due process.
§ 744.331(5)(a), Fla. Stat. (2011).
Section 744.331(3)(e), Florida Statutes (2011), provides:
Each member of the examining committee shall examine the person. Each examining committee member must determine the alleged incapacitated person’s ability to exercise those rights specified in s. 744.3215.... Each member of the examining committee must submit a report within 15 days after appointment.
Section 744.331(3)(f), Florida Statutes (2011), provides:
The examination of the alleged incapacitated person must include a comprehensive examination, a report of which shall be filed by each examining committee member as part of his or her written report. The comprehensive examination report should be an essential element, but not necessarily the only element, *1191 used in making a capacity and guardianship decision....
Shen’s hearsay argument is well taken. We first make clear that the petitioner did not assert that the written reports were admissible under any hearsay exception, and it doesn’t appear that any exception applies. We also note that if the hearing was uncontested, the court could rely on, at a minimum, the comprehensive examination portion of the reports, as the statute provides for the court’s consideration of such. However, because this was a contested hearing, and Shen objected to the reports as hearsay where the committee members did not testify, we hold that the court erred in basing its order on the reports.
Although the guardianship statute does not address whether the Evidence Code applies, Florida Probate Rule 5.170 provides that “[i]n proceedings under the Florida Probate Code and the Florida Guardianship Law the rules of evidence in civil actions are applicable unless specifically changed by the Florida Probate Code, the Florida Guardianship Law, or these rules.” Recently, the Third District, citing the Evidence Code, found that a trial court erred in denying a petitioner’s request to invoke the rule of sequestration during the adjudicatory hearing in an incapacity case. See Fernandez v. Guardianship of Fernandez, 36 So.3d 175 (Fla. 3d DCA 2010).
It does not escape us that the guardianship statute requires the examining committee members’ reports to be filed with the court, and further provides that the comprehensive examinations “should be an essential element, but not necessarily the only element, used in making a capacity and guardianship decision.” § 744.331(3)(e)-(f), Fla. Stat. (2011). However, we do not read these provisions as expressly changing the rules of evidence applicable to guardianship proceedings. Furthermore, our courts have found in different contexts that a written report required by statute or rule to be filed or considered by the court is hearsay and not a proper basis for a court’s decision. See Scaringe v. Herrick, 711 So.2d 204, 204-05 (Fla. 2d DCA 1998) (noting, in a modification of custody case, that a guardian ad litem’s report, which was required to be filed with the court by statute, was not in evidence simply because it was filed, and that a valid hearsay objection to the report should have been sustained as the rules of evidence applied); G.T. v. Dep’t. of Children & Family Servs., 935 So.2d 1245, 1252 (Fla. 1st DCA 2006) (observing that requirement in rules of juvenile procedure that court consider written findings of an evaluator “does not by implication strip out of the Rule the provisions expressly granting the right to an evidentiary hearing.... Even when hearsay can be considered over objection, hearsay ... is not deemed competent, substantial evidence sufficient to support a factual finding.”)
The relevant statute here, as in G.T., provides for an evidentiary hearing. See § 744.1095, Fla. Stat. (2011) (providing that at any hearing under the guardianship law, the alleged incapacitated person has the right to remain silent, testify, present evidence, call witnesses, confront and cross-examine all witnesses, and have the hearing open or closed). Further, as in Scaringe, the rules of evidence applied to the proceedings below. Even if it could be said that the guardianship statute permits the court to consider the comprehensive examination portion of the reports in the face of a hearsay objection, the statute does not reference the court’s consideration of the remainder of the reports, which includes the diagnosis, prognosis, recommended treatment, evaluation of rights, and finding of incapacity and need *1192 for limited or plenary guardianship. See § 744.331(3)(g), Fla. Stat. (2011). These portions of the reports were also relied on by the court.
Because we reverse based on the court’s reliance on inadmissible hearsay, we decline to address Shen’s argument that the statute provides a right to confront witnesses, which requires live testimony of the committee members. As it has been more than a year since the committee members’ reports were filed, the court must order new evaluations before proceeding to an adjudicatory hearing.

Reversed and remanded for further proceedings.

HAZOURI, DAMOORGIAN and CIKLIN, JJ., concur.

. The Petitioner did not move for admission of the reports into evidence. Instead, the court stated that the reports were "witnesses.”